# Exhibit 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELTA AIR LINES, INC., a Delaware corporation; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse
400 McAllister Street
San Francisco, California 94102

CASE NUMBER:
*(Número del Caso):*
**CGC-17-561932**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

DATE: **OCT 17 2017**
*(Fecha)*

CLERK OF THE COURT by **KALENE APOLONIO**
*(Secretario)*, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Delta Air Lines, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

*FAXED*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514) SETAREH LAW GROUP 9454 Wilshire Boulevard, Suite 907 Beverly Hills, California 90212 | ENDORSED **F I L E D** *San Francisco County Superior Court* |

TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109

ATTORNEY FOR *(Name)*: Joseph L. Schofield

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102
BRANCH NAME: Civic Center Courthouse

OCT 17 2017

CLERK OF THE COURT
KALENE APOLONIO
BY: _____  Deputy Clerk

CASE NAME:
Joseph L. Schofield v. Delta Air Lines, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC- 17-561932 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

**2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:**

a. ☑ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☑ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

**4.** Number of causes of action *(specify)*: Five

**5.** This case ☑ is  ☐ is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 16, 2017

Shaun Setareh, Esq.
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

FAXED

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   JOSEPH L. SCHOFIELD
7

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 17 2017

CLERK OF THE COURT
BY:      KALENE APOLONIO
                              Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          IN AND FOR THE COUNTY OF SAN FRANCISCO, CIVIL DIVISION

10

11

12  JOSEPH L. SCHOFIELD, on behalf of        Case No. **CGC - 17 - 561932**
    himself, all others similarly situated,
13                                            **CLASS ACTION**
              *Plaintiff,*
14                                            **COMPLAINT FOR:**
          vs.
15                                            1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
    DELTA AIR LINES, INC., a Delaware              (Fair Credit Reporting Act);
16  corporation; and DOES 1 through 100,     2.  Violation of 15 U.S.C. §§ 1681d(a)(1) and
    inclusive,                                    1681g(c) (Fair Credit Reporting Act);
17                                            3.  Violation of California Civil Code § 1786 *et*
              *Defendants.*                       *seq.* (Investigative Consumer Reporting
18                                                Agencies Act)
                                              4.  Violation of California Civil Code § 1785 *et*
19                                                *seq.* (Consumer Credit Reporting Agencies
                                                  Act)
20                                            5.  Unfair Competition (Bus. & Prof. Code §§
                                                  17200, *et seq.*);
21
                                              **JURY TRIAL DEMANDED**
22

23

24

25

26

27

28

1    COMES NOW, Plaintiff JOSEPH L. SCHOFIELD (referred to as "Plaintiff"), on behalf of
2  herself, all others similarly situated, complains and alleges as follows:

3                                **INTRODUCTION**

4    1.    Plaintiff brings this class action against defendant DELTA AIR LINES, INC., a
5  Delaware corporation; and DOES 1 through 100, inclusively (collectively referred to as
6  "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar
7  California laws.

8    2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer
9  and/or consumer credit reports (referred to collectively as "credit and background reports") to
10 conduct background checks on Plaintiff and other prospective, current and former employees and
11 use information from credit and background reports in connection with their hiring process without
12 providing proper disclosures and obtaining proper authorization in compliance with the law.

13   3.    Plaintiff, individually and on behalf of all others similarly situated current, former,
14 and prospective employees, seeks compensatory and punitive damages due to Defendants'
15 systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California
16 Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and
17 the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et*
18 *seq.*).

19                                    **PARTIES**

20   4.    Plaintiff is, and at all relevant times mentioned herein, an individual residing in the
21 State of California.

22   5.    Plaintiff is informed and believes, and thereupon alleges that Defendant DELTA
23 AIR LINES, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing
24 business in the State of California.

25   6.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of
26 participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100,
27 inclusive, but is informed and believes and thereon alleges that said defendants are legally
28 responsible for the wrongful conduct alleged herein and therefore sues these defendants by such

1 | fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the

2 | DOE defendants when ascertained.

3 |     7.    Plaintiff is informed and believes and thereon alleges that, at all relevant times

4 | herein, all Defendants were the agents, employees and/or servants, masters or employers of the

5 | remaining defendants, and in doing the things hereinafter alleged, were acting within the course

6 | and scope of such agency or employment, and with the approval and ratification of each of the

7 | other Defendants.

8 |     8.    Plaintiff alleges that each and every one of the acts and omissions alleged herein

9 | were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees,

10 | and/or under the direction and control of each of the other defendants, and that said acts and

11 | failures to act were within the course and scope of said agency, employment and/or direction and

12 | control.

13 | ## JURISDICTION AND VENUE

14 |     9.    This Court has subject matter jurisdiction to hear this case because Plaintiff is

15 | informed and believes that the monetary damages and restitution sought herein for Defendants'

16 | conduct exceeds the minimal jurisdictional limits of the Superior Court.

17 |     10.    Venue is proper in the County of San Francisco pursuant to Code of Civil Procedure

18 | Sections 395(a) and 395.5 in that liability arose in Santa Clara County because at least some of the

19 | transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

20 | found, maintains offices, transacts business, and/or has an agent therein.

21 |     11.    Venue is proper in the County of San Francisco because Defendants' principal place

22 | of business is in Georgia, is incorporated under the laws of Delaware, does business in the County

23 | of San Francisco, and has not registered a California place of business with the California

24 | Secretary of State.  As such, venue is proper in any county in California.

25 | ## CLASS ALLEGATIONS

26 |     12.    This action has been brought and may be maintained as a class action pursuant to

27 | California Code of Civil Procedure § 382 because there is a well-defined community of interest

28 | among the persons who comprise the readily ascertainable classes defined below and because

1 | Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class

2 | action.

3 |      13.   **Class Definitions**: The classes are defined as follows:

4 |      **FCRA Class:** All of Defendants' current, former and prospective applicants for

5 | employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

6 |

7 |      **ICRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

8 |

9 |      **CCRAA Class:** All of Defendant's current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

10 |

11 |      14.   **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

12 | right to amend or modify the class definitions with greater specificity, by further division into

13 | subclasses and/or by limitation to particular issues.

14 |      15.   **Numerosity:** The class members are so numerous that the individual joinder of each

15 | individual class member is impractical.  While Plaintiff does not currently know the exact number

16 | of class members, Plaintiff is informed and believes that the actual number exceeds the minimum

17 | required for numerosity under California law.

18 |      16.   **Commonality and Predominance:** Common questions of law and fact exist as to

19 | all class members and predominate over any questions which affect only individual class members.

20 | These questions include, but are not limited to:

21 |           A.    Whether Defendants failed to comply with the requirements of 15 U.S.C

22 |                7001 section 101(c)(1);

23 |           B.    Wherein Defendants willfully failed to provide the class with stand-alone

24 |                written disclosures before obtaining a credit or background report in

25 |                compliance with the statutory mandates;

26 |           C.    Whether Defendants willfully failed to identify the name, address, telephone

27 |                number, and/or website of the investigative consumer reporting agency

28 |                conducting the investigation;

D.   Whether Defendants willfully failed to identify the source of the credit report to be performed;

E.   Wherein Defendants willfully failed to comply with the FCRA, ICRAA and/or the CRAA.

17.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

18.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

19.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21.   Plaintiff was employed by Defendant as an hourly, non-exempt employee working

1  in the State of California beginning on or about May 22, 2014.

2    22.    When Plaintiff applied for employment with Defendants, Defendants performed a

3  background investigation on Plaintiff.

4    23.    Defendants did not provide legally compliant authorization and disclosure forms to

5  Plaintiff and the putative class.

6                    **FIRST CAUSE OF ACTION**

7    **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

8                    **(15 U.S.C. §§ 1681b(b)(2)(A))**

9              **(By Plaintiff and the FCRA Class Against All Defendants)**

10    24.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

11    25.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

12    26.    Plaintiff and class members are "consumers" within the meaning Section 1681a(c)

13  of the FCRA, because they are "individuals."

14    27.    Section 1681a(d)(1) of the FCRA defines "consumer report" as

15    any oral, or other communication of any information by a consumer reporting
16    agency bearing on a consumer's credit worthiness, credit standing, credit
     capacity, character, general reputation, personal characteristics, or mode of
     living which is used or expected to be used or collected in whole or in part
17    for the purpose of serving as a factor in establishing the consumer's
     eligibility" for employment purposes.
18

19  Thus a credit and background report qualifies as a consumer report.

20    28.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

21    a consumer report or portion thereof in which information on a consumer's
     character, general reputation, personal characteristics, or mode of living is
22    obtained through personal interviews with neighbors, friends, or associates of
     the consumer reported on or with whom he is acquainted or who may have
23    knowledge concerning any such items of information.

24
   Thus a credit and background report qualifies as an investigative consumer report.
25
      29.    Section 1681b(b) of the FCRA provides, in relevant part:
26
         Conditions for furnishing and using consumer reports for employment purposes
27
         (2) Disclosure to consumer
28

(A) In general

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> i.      a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> ii.      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

30.      Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

31.      Because Defendant's disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

32.      As described above, Plaintiff alleges, on information and belief, that in evaluating her and other class members for employment, Defendants procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

33.      The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

34.      Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). The inclusion of a release and other extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

35.      Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document. For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it

1  must be included in a separate document, the FTC stated:

2          The disclosure may not be part of an employment application because the language [of 15
           U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document
3          not encumbered by any other information. The reason for requiring that the disclosure be in
           a stand-alone document is to prevent consumers from being distracted by other information
4          side-by-side within the disclosure.

5          36.    The plain language of the statute also clearly indicates that the inclusion of a

6  liability release in a disclosure form violates the disclosure and authorization requirements of the

7  FCRA, because such a form would not consist "solely" of the disclosure. In fact, the FTC

8  expressly has warned that the FCRA notice may not include extraneous information such as a

9  release. In a 1998 opinion letter, the FTC stated:

10         [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights
           under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section
11         604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the
           disclosure that a consumer report may be obtained for employment purposes.
12

13         37.    In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C §

14  1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a

15  consumer's waiver of his or her rights under the FCRA."

16         38.    By including a release and other extraneous information, Defendants willfully

17  disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.

18  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear

19  and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

20         39.    Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is

21  willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

22  applicants and employees, including Plaintiff and class members. Defendants' willful conduct is

23  reflected by, among other things, the following facts:

24             (a)    Defendants are a large corporation with access to legal advice;

25             (b)    Defendants required a purported authorization to perform credit and

26  background checks in the process of employing the class members which, although defective,

27  evidences Defendants' awareness of and willful failure to follow the governing laws concerning

28  such authorizations;

1           (c)     The plain language of the statute unambiguously indicates that inclusion of a

2    liability release and other extraneous information in a disclosure form violates the disclosure and

3    authorization requirements; and

4           (d)     The FTC's express statements, pre-dating Defendants' conduct, which state

5    that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the

6    FCRA disclosure form.

7         40.     Defendants required a liability release, in the disclosure form, along with other

8    extraneous information, that releases all parties involved from any liability and responsibility for

9    releasing information they have about the Plaintiff to Defendants.

10         41.     Based upon the facts likely to have evidentiary support after a reasonable

11    opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy

12    and practice of procuring investigative consumer reports or causing investigative consumer reports

13    to be procured for applicants and employees without informing such applicants of their right to

14    request a summary of their rights under the FCRA at the same time as the disclosure explaining

15    that an investigative consumer report may be made. Pursuant to that policy and practice,

16    Defendants procured investigative consumer reports or caused investigative consumer reports to be

17    procured for Plaintiff and class members, as described above, without informing class members of

18    their rights to request a written summary of their rights under the FCRA.

19         42.     Accordingly, Defendants willfully violated and continue to violate the FCRA

20    including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is

21    reflected by, among other things, the facts set forth above.

22         43.     As a result of Defendants' illegal procurement of credit and background reports by

23    way of their inadequate disclosures, as set forth above, Plaintiff and class members have been

24    injured including, but not limited to, having their privacy and statutory rights invaded in violation

25    of the FCRA.

26         44.     Plaintiff, on behalf of herself and all class members, seeks all available remedies

27    pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive

28    damages, injunctive and equitable relief and attorneys' fees and costs.

1    45.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

2  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

3  § 1681o, including actual damages and attorneys' fees and costs.

4                              **SECOND CAUSE OF ACTION**

5      **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA**

6                        **(15 U.S.C. § 1681d(a)(1) and 1681g(c))**

7                    **(By Plaintiff and the FCRA Class Against All Defendants)**

8    46.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

9    47.    Section 1681d provides:

10  (a) Disclosure of fact of preparation

11      A person may not procure or cause to be prepared an investigative consumer report on
        any consumer unless–

12

13      (1) it is *clearly and accurately disclosed* to the consumer that an
        investigative consumer report including information as to his character, general
        reputation, personal characteristics, and mode of living, whichever are applicable, may

14      be made, and such disclosure;

15          (A) is *made in a writing mailed, or otherwise delivered*, to the
            consumer, not later than three days after the date on which the report was first

16          requested, and

17          (B) *includes a statement informing the consumer of his right to request the
            additional disclosures* provided for under subsection (b) of this

18          section *and the written summary of the rights of the consumer prepared pursuant
            to section 1681g(c)* of this title; and

19

20      (2) the person certifies or has certified to the consumer reporting agency that–

21          (A) the person has made the disclosures to the consumer required by paragraph (1);
            and

22          (B) the person will comply with subsection (b) of this section.

23          (Emphasis Added.)

24  (b) Disclosure on request of nature and scope of investigation

25      Any person who procures or causes to be prepared an investigative consumer report on
        any consumer shall, upon written request made by the consumer within a reasonable

26      period of time after the receipt by him of the disclosure required by subsection (a)(1) of
        this section (a)(1) of this section, make a *complete and accurate disclosure of the*

27      *nature and scope of the investigation requested*; (Emphasis Added). This disclosure
        shall be made in a writing mailed, or otherwise delivered, to the consumer not later than

28      five days after the date on which the request for such disclosure was received from the

                                          **9**

1    consumer or such report was first requested, whichever is the later.

2        48.    As alleged previously, because Defendants' disclosures do not meet the requirement

3    of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

4        49.    Moreover, even if Defendant's disclosures are deemed to satisfy Section 101(c)(1),

5    Defendant did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the

6    consumer of the right to have the person who procured the report provide a complete and accurate

7    disclosure of the nature and scope of the investigation requested.

8        50.    Section 1681g(c) further provides summary of rights to obtain and dispute

9    information in consumer reports and to obtain credit scores as:

10       (1)  Commission summary of rights required

11           (A)  In general

12           The Commission shall prepare a *model summary of the rights* of consumers under
             this subchapter.

13
             (B)  Content of summary
14
             The summary of rights prepared under subparagraph (A) shall include a description
15           of–

16               (i)  the *right of a consumer to obtain a copy of a consumer report* under
                 subsection (a) of this section from each consumer reporting agency;
17
                 (ii) the *frequency and circumstances under which a consumer is entitled to
18               receive a consumer report without charge* under section 1681j of this title;

19               (iii)  the right of a consumer to *dispute information* in the file of the
                 consumer under section 1681i of this title;
20
                 (iv)  *the right of a consumer to obtain a credit score* from a consumer
21               reporting agency, and a description of how to obtain a credit score;

22               (v)  the *method by which a consumer can contact, and obtain a consumer
                 report from*, a consumer reporting agency *without charge*, as provided in
23               the regulations of the Bureau prescribed under section 211(c) of the Fair and
                 Accurate Credit Transactions Act of 2003; and
24
                 (vi)  the method by which a consumer can contact, and obtain a consumer
25               report from, a consumer reporting agency described in section 1681a(w) of
                 this title, as provided in the regulations of the Bureau prescribed under
26               section 1681j(a)(1)(C) of this title;

27           (Emphasis Added).

28

                                    10

1       51.    Defendant did not comply with 1681g(c)(1)(B)(i) because the disclosure did not

2   state the right of a consumer to obtain a copy of a consumer report from each consumer reporting

3   agency.

4       52.    Defendant did not comply with 1681g(c)(1)(B)(ii) because the disclosure did not

5   state the  frequency and circumstances under which a consumer is entitled to receive a consumer

6   report without charge.

7       53.    Defendant did not comply with 1681g(c)(1)(B)(iii) because the disclosure did not

8   state the right of a consumer to dispute information in the file of the consumer.

9       54.    Defendant did not comply with 1681g(c)(1)(B)(iv) because the disclosure did not

10  state the right of a consumer to obtain a credit score from a consumer reporting agency and a

11  description of how to obtain a credit score.

12      55.    Defendant did not comply with 1681g(c)(1)(B)(v) because the disclosure did not

13  state the method by which a consumer can contact, and obtain a consumer report from, a consumer

14  reporting agency without charge.

15      56.    Defendant did not comply with 1681g(c)(1)(B)(vi) because the disclosure did not

16  state the method by which a consumer can contact, and obtain a consumer report from, a consumer

17  reporting agency described in section 1681a(w) of this title, as provided in the regulations of the

18  Bureau prescribed under section 1681j(a)(1)(C) of this title.

19                        **THIRD CAUSE OF ACTION**

20       **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA**

21                   **(Cal. Civ. Code § 1786 *et seq.*)**

22            **(By Plaintiff and the ICRAA Class Against All Defendants)**

23      57.    Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

24      58.    Defendants are "persons" as defined by Section 1786.2(a) of the Investigative

25  Consumer Reporting Agencies Act ("ICRAA").

26      59.    Plaintiff and **ICRAA Class** members are "consumers" within the meaning Section

27  1786.2(b) of the ICRAA, because they are "individuals."

28      60.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

"a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

61.    Thus, a background checks qualifies as an investigative consumer report under the ICRAA.

62.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a *clear and conspicuous* disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, *if the agency has no Internet Web site address, the telephone number of the agency*, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report.

(Emphasis added.)

63.    As alleged above, because Defendant's disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

64.    As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared investigative consumer report (e.g.

1 | background checks), as defined by Cal. Civ. Code § 1786.2(c).

2 |     65.    Because the purported disclosures are embedded with extraneous information, and
3 | are not clear and unambiguous disclosures in stand-alone documents, they do not meet the
4 | requirements under the law.

5 |     66.    Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer
6 | report or investigative consumer report for employment purposes unless the disclosure is made in a
7 | document that consists solely of the disclosure and the consumer has authorized, in writing, the
8 | procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and
9 | other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

10 |     67.    The plain language of the statute clearly indicates that the inclusion of a liability
11 | release in a disclosure form violates the disclosure and authorization requirements of the ICRAA,
12 | because such a form would not consist "solely" of the disclosure.

13 |     68.    By including the Release and other extraneous information, Defendants willfully
14 | violated § 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous
15 | provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates §
16 | 1786.16(a)(2)(B).

17 |     69.    Based upon facts that are likely to have evidentiary support after a reasonable
18 | opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and
19 | practice of failing to provide adequate written disclosures to applicants and employees, before
20 | procuring background checks or causing background checks to be procured, as described above.
21 | Pursuant to that policy and practice, Defendants procured background checks or caused
22 | background checks to be procured for Plaintiff and class members without first providing a written
23 | disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

24 |     70.    Defendants' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is
25 | willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their
26 | obligations and the rights of applicants and employees, including Plaintiff and class members.
27 | Defendants' willful conduct is reflected by, among other things, the following facts:

28 |     (a)    Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

71. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

72. Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

73. In the alternative to Plaintiff's allegation that these violations were willful or grossly negligent, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA**

**(Cal. Civ. Code § 1785 *et seq.*)**

**(By Plaintiff and the CCRAA Class Against All Defendants)**

74. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

75. Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

76. Plaintiff and CCRAA Class members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

77.     Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

> any written, oral, or other communication of any information by a consumer credit
> reporting agency bearing on a consumer's credit worthiness, credit standing, or credit
> capacity, which is used or is expected to be used, or collected in whole or in part, for
> the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2)
> employment purposes...

Thus, a credit report qualifies as a consumer credit report under the CCRAA.

78.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the
> report shall provide written notice to the person involved. The notice shall inform the
> person that a report will be used, and *shall identify the specific basis under subdivision
> (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also
> inform the person of the source of the report...*

(Emphasis added.)

79.     As described above, Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

80.     The Reference Release Form and the Driving Record Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

81.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

82.     Defendants' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)  Defendants required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)  The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

83.  As a result of Defendants' illegal procurement of credit reports by way of their inadequate notice, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

84.  Plaintiff, on behalf of herself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

85.  In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and FCRA, ICRAA and CCRAA Class)

86.  Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

87.  Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

88.  Business and Professions Code sections 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with

1  Code of Civil Procedure section 382 to recover money or property that may have been acquired
2  from similarly situated persons by means of unfair competition.

3      89.    Federal and California laws require certain disclosures and proper authorization
4  before conducting background checks and obtaining information from credit and background
5  reports in connection with a hiring process.

6      90.    Plaintiff and the **FCRA, ICRAA and CCRAA Class** re-alleges and incorporates by
7  reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

8      91.    Plaintiff lost money or property as a result of the aforementioned unfair
9  competition.

10     92.    Defendants have, or may have, acquired money by means of unfair competition.

11     93.    Defendants have violated Federal and California laws through their policies and
12  practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer
13  credit reports (referred to collectively as "credit and background reports") to conduct background
14  checks on Plaintiff and other prospective, current and former employees and use information from
15  credit and background reports in connection with their hiring process without providing proper
16  disclosures and obtaining proper authorization in compliance with the law.

17     94.    The unlawful conduct of Defendants alleged herein amounts to and constitutes
18  unfair competition within the meaning of Business and Professions Code sections 17200, *et seq.*
19  Business and Professions Code section 17200, *et seq.*, protects against unfair competition and
20  allows a person who has suffered an injury-in-fact and has lost money or property as a result of an
21  unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf
22  of other similarly situated persons in a class action proceeding.

23     95.    Plaintiff is informed and believes that other similarly situated persons have been
24  subject to the same unlawful policies or practices of Defendants.

25     96.    Due to its unfair and unlawful business practices in violation of Federal and
26  California laws as alleged herein, Defendants have gained a competitive advantage over other
27  comparable companies doing business in the State of California that comply with their legal
28  obligations.

1    97.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

2  herself and the other members of the **FCRA, ICRAA and CCRAA Class**, seeks declaratory relief

3  and restitution of all monies rightfully belonging to them that Defendants did not pay them or

4  otherwise retained by means of its unlawful and unfair business practices.

5    98.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

6  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

7  violates or is considered unlawful under any other state or federal law.

8    99.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

9  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

10  Defendants, and each of them, and their agents and employees, from further violations of the

11  FCRA, ICRAA and CCRAA; and upon a final hearing seek an order permanently enjoining

12  Defendants, and each of them, and their respective agents and employees, from further violations

13  of the FCRA, ICRAA and CCRAA.

14    100.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine

15  and/or the common fund doctrine, Plaintiff and the other members of the **FCRA, ICRAA and**

16  **CCRAA Class** are entitled to recover reasonable attorneys' fees in connection with their unfair

17  competition claims.

18                          **PRAYER FOR RELIEF**

19    WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for

20  relief and judgment against Defendants as follows:

21            A.    An order that the action be certified as a class action;

22            B.    An order that Plaintiff be appointed class representative;

23            C.    An order that counsel for Plaintiff be appointed class counsel;

24            D.    Statutory penalties;

25            E.    Civil penalties;

26            F.    Punitive damages;

27            G.    Injunctive relief;

28            H.    Costs of suit;

1    I.    Interest;

2    J.    Restitution;

3    K.    Reasonable attorneys' fees; and

4    L.    Such other relief as the Court deems just and proper.

5                              **DEMAND FOR JURY TRIAL**

6         Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial

7    on all issues so triable.

8

9    Dated: October 16, 2017                  SETAREH LAW GROUP

10

11

12                                            SHAUN SETAREH
                                              Attorneys for Plaintiff
13                                            JOSEPH L. SCHOFIELD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



FAXED

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   JOSEPH L. SCHOFIELD

7

ENDORSED
**F I L E D**
San Francisco County Superior Court

OCT 1 7 2017

CLERK OF THE COURT
BY:    KALENE APOLONIO
                              Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  JOSEPH L. SCHOFIELD, on behalf of       Case No. **CGC - 17 - 561932**
    himself, all others similarly situated,
12                                          **APPLICATION FOR APPROVAL OF**
              *Plaintiff,*                  **COMPLEX DESIGNATION**
13
14        vs.

15  DELTA AIR LINES, INC., a Delaware
    corporation; and DOES 1 through 100,
16  inclusive,

17            *Defendants.*

18

19

20

21

22

23

24

25

26

27

28

TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff JOSEPH L. SCHOFIELD hereby applies to the court for approval of complex designation pursuant to San Francisco Superior Court Local Rule 3.6.

In the attached Civil Case Cover Sheet, this case is being designated as a complex case because at least one or more of the following boxes has been checked:

- Box 2        Complex due to factors requiring exceptional judicial management;
- Box 5        The action being a class action suit.

This case is being so designated based upon the following supporting information, including without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

Based on the above supporting information, there is a reasonable basis for the complex case designation being made in the attached Civil Case Cover Sheet.

I, the undersigned counsel of record for Plaintiff, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure section 128.7, California Rules of Professional Conduct, Rule 5-200(B) and the San Francisco County Superior Court Local Rule 3.6.

Dated: October 16, 2017                          SETAREH LAW GROUP


                                                 SHAUN SETAREH
                                                 Attorneys for Plaintiff
                                                 JOSEPH L. SCHOFIELD

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE: MAR-21-2018

TIME: 10:30AM

PLACE: Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.