Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
Thomas Segal (SBN 222791)
  thomas@setarehlaw.com
Farrah Grant (SBN 293898)
  farrah@setarehlaw.com
Ashley Batiste (SBN 317526)
  ashley@setarehlaw.com
**SETAREH LAW GROUP**
315 S. Beverly Drive, Ste. 315
Beverly Hills, California  90212
Tel:    (310) 888-7771
Fax:   (310) 888-0109

Attorneys for Plaintiff,
JOSEPH L. SCHOFIELD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No. 3:18-cv-00382-EMC<br><br>**DECLARATION OF SHAUN SETAREH IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*<u>Hearing Information</u>*<br>Date:             February 14, 2019<br>Time:            1:30 p.m.<br>Courtroom:   Courtroom 5<br>Judge:           Hon. Edward M. Chen |

**DECLARATION OF SHAUN SETAREH**

I, SHAUN SETAREH, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and an attorney of record for Plaintiff Joseph Schofield ("Plaintiff") in his action against Delta Air Lines, Inc. ("Delta" or "Defendant"). Except for those matters stated on information and belief, which I am informed and believe to be true and correct, I have personal knowledge of all matters set forth herein. If called as a witness, I could and would competently testify thereto under oath.

**Plaintiff's Investigation and Discovery**

2. On October 17, 2017, Plaintiff filed a class action lawsuit alleging violation of the Fair Credit Reporting Act ("FCRA"), the Investigative Consumer Reporting Act ("ICRAA"), the Consumer Credit Reporting Agencies Act ("CCRAA") and the Business and Professions Code in San Francisco Superior Court. On January 17, 2018, Defendant removed the case to the United States District Court for the Northern District of California. The lawsuit alleges that the forms used by Delta to disclose pre-employment background checks do not comply with the requirements of the FCRA, ICRAA and CCRAA. Specifically, Plaintiff alleges that Delta violated the FCRA requirement that the disclosure form convey the employer's intent to obtain a credit report or background check on a current or prospective employee. Plaintiff further alleges that Delta violated the above statutes' requirement that the disclosure form be clear and conspicuous and consist solely of the disclosure. As such, Plaintiff contends that Delta failed to provide applicants with a stand-alone document that consists *solely* of the disclosure, as required under the law. Instead, Plaintiff's position is that the disclosure forms include impermissible extraneous information, in direct contravention of the FCRA.

3. The case has been prosecuted diligently for over a year. Plaintiff's counsel's investigation included meeting with Plaintiff, conducting legal research and analysis of the applicable law as applied to the facts discovered regarding Plaintiff's claims and the defenses thereto and analyzing Defendant's potential liability exposure.

4. As part of the investigation, Plaintiff's counsel also has conducted a study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted, as well as a study and investigation of the scope and identity of the settlement

class, and has concluded, taking into account the benefits of this settlement, and the risks and delays of further litigation, as well as having evaluated the strengths and weakness of Plaintiff's claims and Defendant's defenses, that this settlement is fair, reasonable, and adequate, and in the best interests of the Plaintiff and all members of the classes affected by it.

5. Plaintiff's counsel also reviewed Defendant's background check policies and the actual background check disclosure and authorization forms of those who applied for employment with Defendant during the class period.

6. The background check disclosure form at issue referred to as "Form 1" is attached as Exhibit 1.

7. The background check disclosure form at issue referred to as "Form 2" is attached as Exhibit 2.

8. Plaintiff's counsel thoroughly analyzed the evolving, and often conflicting case law governing FCRA class actions as well as other types of actions including the related Fair and Accurate Credit Transaction Act where "willfulness" and proof of actual injury are often disputed. All of this review and investigation allowed Plaintiff's counsel to structure a settlement that provides benefits directly to the persons who were required to use the allegedly unlawful forms.

9. The Parties attended a mediation on August 16, 2018 with mediator Steven Rottman, a well-regarded wage and class hour mediator.  The matter did not settle at mediation. After continued negotiations, the parties accepted a mediator's proposal, which resulted in the instant settlement.

10. Based on the information obtained through informal discovery, as well as the stage of the proceedings, Plaintiff and his counsel had sufficient information to intelligently evaluate Defendant's potential exposure to the Class in view of the risks of continued litigation.

**The Parties Settled After Arm's Length Discussions**

11. The proposed Settlement was the culmination of discussions between the parties following a thorough analysis of the pertinent facts and law at issue. Plaintiff obtained informal discovery including documents pertaining to background checks.  Following these negotiations, the parties were able to reach an agreement on all material terms of the proposed relief to the class.  Only after the parties had reached this agreement did they negotiate attorneys' fees, costs

and incentive awards. Ultimately, the parties reached an agreement on these terms as well, formalizing all terms in the Settlement Agreement.

12. At all times the settlement discussions were at arms length.

13. A true and correct copy of the Parties' Settlement Agreement ("Settlement") is attached hereto as Exhibit 3.

14. A proposed Long Form Notice of Class Action Settlement is attached hereto as Exhibit 4.

15. A proposed Postcard Notice is attached hereto as Exhibit 5.

**The Views of Experienced Counsel and Adequacy of Counsel**

16. My firm and I, as a partner at Setareh Law Group, are well-experienced class action attorneys. I, along with my senior attorney, Thomas Segal, have considerable experience in class action. I, along with my associates, do not have a conflict of interest with the class. Therefore, we are qualified to serve as class counsel for the settlement class.

17. I have been involved as lead or co-lead class counsel in numerous labor and employment cases. Recently as lead counsel in *Troester v. Starbucks Corporation*, et al., In the Supreme Court of the State of California, Case No. S234969, the California Supreme Court clarified and rejected the application of the widely adopted federal *de minimis* doctrine to California's wage-hour laws. The following is a sampling of class actions in which I have been appointed as class counsel both for a settlement class and after a contested motion:

a. *Utne v. Home Depot U.S.A., Inc.*, U.S District Court, Northern District of California, Case No. 16-cv-01854-RS (granting class certification against Home Depot in connection with uncompensated off-the-clock work occurring at the start of all employee shifts and at the end of closing shifts).

b. *Fronda v. Staffmark*, U.S. District Court, Northern District of California, Case No. 15-CV-02315-MEJ (granted final approval in a case involving alleged uncompensated security checks for warehouse workers).

c. *Valencia v. SCIS Air Security Corp.*, Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201–203).

d. *Sandoval v. Rite Aid Corp.*, Los Angeles County Superior Court, Case No. BC431249 (granted class certification through contested motion in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201–203; subsequently granted final approval of class action settlement).

e. *Wilson v. TE Connectivity,* Northern District of California Case No. 3:14-cv-04872-EDL (granted class certification through contested motion in case on behalf of manufacturing facility employees subject to auto-deduction of meal breaks).

f. *Padilla v. UPS*, U.S. District Court, Central District of California, Case No. 08-CV-1590 (granted final approval in a case involving claims for failure to provide meal periods to part time employees engaged in sort operations and failure to pay final wages in a timely manner to terminated employees).

g. *Vang v. Burlington Coat Factory Warehouse Corp.*, U.S. District Court, Central District of California Case No. 09-CV-8061 (granted final approval in a case involving, among other things, vacation pay forfeitures, failures to provide meal and rest periods, and failures to pay overtime wages based on employee misclassification).

h. *Garcia v. Am. Gen. Fin. Mgmt. Corp.*, U.S. District Court, Central District of California, Case No. 09-CV-1916 (granted final approval in a case filed on behalf of account managers in case involving, among other things, alleged overtime miscalculations and meal and rest period violations).

i. *O'Neill v. Genesis Logistics, Inc.*, U.S. District Court, Northern District of California, Case No. 08-CV-4707 (granted final approval in a case involving claims for failure to provide meal periods to employees who worked as drivers delivering goods to 7-11 stores throughout California and failure to pay final wages in a timely manner to terminated employees).

j. *Spokes v. Lush Cosmetics, LLC*, Los Angeles Superior Court, Case No. BC391397 (granted final approval in a case alleged failures to provide meal and rest periods and failure to timely pay all final wages to California sales associates and key holders).

k. *Green v. Staples Contract and Commercial, Inc.*, Los Angeles Superior Court, Case No. BC389789 (granted final approval in a case involving claims for unprovided meal and rest periods, inaccurate wage statements, waiting time penalties, and unfair business practices on behalf of truck drivers delivering Staples office supplies in California).

l. *Green v. Universal Music Group*, Los Angeles Superior Court, Case No. BC374253 (granted final approval in a case involving misclassification claims of current or former IT Support employees, including engineers, server analysts, desktop support, and technical leads).

m. *Jones v. Shred-It USA, Inc.*, U.S. District Court, Central District of California, Case No. 11-CV-00526 (granted final approval in a case brought on behalf of customer service representatives and balers for alleged off-the-clock work and meal and rest period violations).

n. *Alvarez v. Gary Grace Enterprises, LP*, Marin Superior Court, Case No. CIV 1002553 (granted final approval in a case on behalf of hair salon employees for overtime miscalculation and related claims).

o. *Calderon v. GreatCall, Inc.*, San Diego Superior Court, Case No. 37-2010- 00093743-CU-OE-CTL (granted final approval in a case on behalf of customer service employees for, among other things, alleged meal and rest period violations and overtime calculation errors).

p. *Douglas v. California Credit Union*, Los Angeles Superior Court, Case No. BC445050 (granted final approval in a case on behalf of customer service representatives alleging overtime miscalculation claims).

q. *Cerdenia v. USA Truck, Inc.*, U.S. District Court, Central District of California, Case No. 10-CV-1489-JVS (granted final approval in an action on behalf of truck drivers for meal and rest period violations, off-the-clock pre- and post-shift work, and unauthorized wage deductions).

r. *Butler v. Lexxiom, Inc.*, San Bernardino Superior Court, Case No. CIVRS 1001579 (granted final approval in an action on behalf of debt resolution center employees alleging, among other things, meal and rest period violations and overtime calculation errors).

s. *Valencia v. SCIS Air Security Corp.*, Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201–203; subsequently granted preliminary approval of proposed class action settlement).

t. *Sandoval v. Rite Aid Corp.*, Los Angeles County Superior Court, Case No. BC431249 (granted class certification through contested motion in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201–203; subsequently granted final approval of class action settlement).

18. The Setareh Law Group has been counsel in multiple actions alleging violation of the standalone disclosure requirement of the FCRA. The litigation in these cases, and the varying results, provide Setareh Law Group with a good ability to assess the value of similar cases. The paragraphs below provide a non-exhaustive summary of that experience as relevant to the ability to assess the value of the settlement in this case.

19. Setareh Law Group is Class Counsel for the Settlement Class in the case of *Burnthorne-Martinez v. Sephora USA, Inc*., Northern District of California Case No. 4:16-cv-02843. That case also involves allegations that the defendant in that case obtained background checks using disclosure forms that contained extraneous information. The settlement amount was $750,000 for 11,429 class members or $65.60. The settlement was reached after a class certification motion and motion for summary judgment were fully briefed.

20. Setareh Law Group is Class Counsel for the Settlement Class in the case of *Garza v. Brinderson Constructors, Inc*., Northern District of California Case No. 15-cv-05742-EJD. That case also involves allegedly unlawful disclosure forms containing extraneous information. Final approval has been granted in that case. The settlement amount was 1.5 million with approximately 12,818 class members or $117.02 per class member. The settlement was arrived at after a class certification motion was fully briefed.

21. In the *Sephora* and *Brinderson* cases some of the forms at issue contained *Syed* type liability releases.

22. The Setareh Law Group has been involved as counsel in two standalone disclosure cases where summary judgment was granted in favour of the defendant. Those cases are *Lewis v. Southwest Airlines*, 2018 WL 400775 (N.D. Tex. January 11, 2018) and *Gilberg v. California Check Cashing Stores, Inc.*, Eastern District of California Case No. 2:15-cv-02309-JAM-AC (summary judgment granted June 13, 2017). Both are cases where the FCRA disclosure form contained extraneous information but not a *Syed* type liability release.

23. The work done by Setareh Law Group in this case includes drafting pleadings, propounding written discovery, reviewing documents produced by Defendant, working up and drafting a mediation brief, working with an expert to analyze the data produced by Defendant, reviewing and beginning to work an opposition to Defendant's motion for summary judgment, reviewing and beginning to work an opposition to Defendant's motion to transfer venue, work on

a draft motion for class certification, and drafting a motion for preliminary approval.

24. Class counsel has incurred costs of over $10,000 in litigating this matter on a contingent basis.

### Adequacy of Plaintiff

25. Plaintiff is adequate since he has no conflict of interest with the proposed Class. Plaintiff has been a diligent class representative working to provide his attorneys with information.

### Class Administrator

26. The parties agreed to use a postcard notice. Class counsel determined by communicating with three administrator companies that mailing out a Postcard notice (rather than a long form notice) would be significantly more affordable. After soliciting four bids, Class Counsel has selected Rust Consulting as the administrator. Of the four bids received, Rust Consulting provided the lowest bid. Setareh Law Group has worked with Rust Consulting to administer a number of settlements in the past. Class counsel determined that based on past experience with Rust Consulting and its competitive bid that Rust Consulting was the best choice. Rust Consulting has extensive experience in administering Class Action Settlements. Rust Consulting estimates that the administration cost for this case will be $70,000. In my experience these estimated costs are reasonable and necessary to effectuate the settlement.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed January 3, 2019 at Beverly Hills, California.

          ___/s/ Shaun Setareh_____
          SHAUN SETAREH
          Declarant