# EXHIBIT "3"

SETAREH LAW GROUP
Shaun Setareh, Bar No. 204514
shaun@setarehlaw.com
Thomas Segal, Bar No. 222791
thomas@setarehlaw.com
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
Tel:     +1.310.888.7771
Fax:    +1.310.888.0109

Attorneys for Plaintiff
JOSEPH L. SCHOFIELD

MORGAN, LEWIS & BOCKIUS LLP
Robert Jon Hendricks, SBN 179751
rj.hendricks@morganlewis.com
Maureen N. Beckley, SBN 316754
maureen.beckley@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, SBN 284832
andrew.frederick@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
DELTA AIR LINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants | Case No. 3:18-cv-00382-EMC<br><br>CLASS ACTION<br><br>**STIPULATION OF SETTLEMENT**<br><br>Dept.:    Courtroom 5, 17th Floor<br>Judge:   Hon. Edward Chen |

DB1/ 100349502.3

This Stipulation of Settlement ("Stipulation" or "Settlement") is made and entered into, as of the date set forth below, between Plaintiff Joseph L. Schofield ("Plaintiff" or "Schofield")—as an individual and as a representative of the proposed Class described herein and Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") (collectively, the "Parties").

## 1.       THE CONDITIONAL NATURE OF THIS STIPULATION

1.1       This Stipulation and all associated exhibits or attachments are made for the sole purpose of settling the above-captioned action.  This Stipulation and the Settlement it evidences are made in compromise of disputed claims.  Because this action was pled as a class action, this Settlement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Stipulation and associated Settlement on a conditional basis.  If the Court does not enter the Judgment, the proposed Judgment does not become a Final Judgment for any reason, and/or the Effective Date does not occur, this Stipulation shall be deemed null and void ab initio; it shall be of no force or effect whatsoever; it shall not be referred to or utilized for any purpose whatsoever; and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, California Evidence Code sections 1119 and 1152, and any other analogous rules of evidence that are applicable, as shall the Memorandum of Understanding signed by the Parties on October 1, 2018.

1.2       Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief as well as the class and representative allegations asserted in the Action, as that term is defined below.  Defendant has agreed to resolve the Action via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action upon all procedural, merit, and factual grounds, including, without limitation, the ability to challenge class treatment on any grounds, as well as asserting any and all other privileges and potential defenses.

1.3       Plaintiff agrees not to argue or present any argument, and hereby waives any argument that, based on this Stipulation, Defendant cannot contest class certification on any grounds whatsoever, or assert any and all other privileges or potential defenses if this Action were

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1    to proceed.

2         1.4     Similarly, to the extent this Stipulation is deemed void or the Effective Date does

3    not occur, Plaintiff does not waive, but rather expressly reserves, all rights to move and argue for

4    class certification and all merits determinations in his favor and in favor of the class.

5         1.5     To the extent this Stipulation is deemed void or the Effective Date does not occur,

6    Defendant agrees not to argue or present any argument, and hereby waives any argument that,

7    based on this Stipulation, Plaintiff cannot seek certification or assert any arguments in support of

8    the merits of their claims.

9    **2.     DEFINITIONS**

10        2.1     "Action" means the above captioned action, identified as *Schofield v. Delta Air*

11   *Lines, Inc.*, United States District Court, Northern District of California, Case No. 3:18-cv-00382-

12   EMC.

13        2.2     "CAFA Notice" means notice of the proposed settlement to be provided to

14   appropriate state and federal officials as set forth in the Class Action Fairness Act, 28 U.S.C.

15   §1715.

16        2.3     "Class" means all persons in the United States who applied for employment with

17   Delta and were the subject of a consumer report that was procured by Delta or caused to be

18   procured by Delta at any time from October 17, 2012, through February 14, 2019.

19        2.4     "Class Counsel" means Setareh Law Group.

20        2.5     "Class Member" means any individual who is a member of the Class, which

21   consists of approximately 44,100 class members.

22        2.6     "Class Period" means the period of time from October 17, 2012, through February

23   14, 2019.

24        2.7     "Class Representative" means Joseph L. Schofield.

25        2.8     "Class Representative Released Claims" means any and all claims, obligations,

26   demands, actions, rights, causes of action, and liabilities against the Releasees, of whatever kind

27   and nature, character, and description, whether in law or equity, whether sounding in tort,

28   contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

source of law or contract, whether known or unknown, and whether anticipated or unanticipated, including all unknown claims covered by California Civil Code section 1542, as quoted in Section 5.7.4 below, that could have been or are asserted based on the Class Representative's application for employment, employment with, and separation from Defendant, arising at any time up to and including February 14, 2019, for any type of relief, including, without limitation, claims based on the alleged violations of the Fair Credit Reporting Act (15 U.S.C § 1681 *et seq.*), Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq.*), Consumer Credit Reporting Agencies Act (California Civil Code §§ 1785 *et seq.*), California Business & Professions Code §§ 17200, *et seq.*, and any other federal, state or local law governing the procurement and use of background/credit checks; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*; the ADA Amendments Act ("ADAAA"); the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*; the Fair Labor Standards Act ("FLSA"); the California Fair Employment and Housing Act, as amended, Cal. Gov't Code §§ 12900 *et seq.*; Unruh Civil Rights Act, as amended; California Equal Pay Law, Cal. Lab. Code §§ 1197.5 *et seq.*, California Whistleblower Protection Law, Cal. Lab. Code §§ 1102.5 to 1104, California Family Rights Act, Cal. Gov't Code §§ 12945.1 *et seq.*; Minimum Wage Requirement, Cal. Lab. Code § 1197; California Wage Payment Laws, Cal. Lab. Code §§ 1182.11 to 1182.12; California WARN law, Cal. Lab. Code §§ 1400 to 1408, the California Constitution; any applicable California Industrial Welfare Commission Wage Order, and any and all other federal and state wage/hour and wage payment claims and federal and state claims for discrimination, harassment, and retaliation, attorneys' fees, injunctive relief, or penalties related to any and all alleged unlawful discrimination; and all other claims under any federal or state common law, statutory, or regulatory provision, now or hereafter recognized, and all claims for attorneys' fees and costs.  This Agreement is effective without regard to the legal nature of the claims raised and without regard to whether any such claims are based upon tort, equity, implied or express contract, or discrimination of any sort.  The Class Representative Released Claims include, but are not limited to, the Released Claims.

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

DB1/ 100349502.3

2.9    "Complaint" means the operative Complaint filed in this Action by Plaintiff Joseph Schofield on October 17, 2017.

2.10    "Court" or "District Court" shall mean the U.S. District Court, Northern District of California.

2.11    "Database" means an electronic list of each Class Member, including each person's name, last known address, and social security number.

2.12    "Defendant's Counsel" means Morgan, Lewis & Bockius LLP.

2.13    "Effective Date" means the date on which the Judgment becomes a Final Judgment.

2.14    "FCRA" means the "Fair Credit Reporting Act."

2.15    "Final Approval Date" means the date on which the Court enters the Judgment.

2.16    "Final Approval Hearing" means a hearing set by the Court, to take place on a date after the 90 day period for CAFA notice has run, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated Settlement pursuant to class action procedures and requirements; (ii) determining the amount of the award of attorneys' fees and costs to Class Counsel; (iii) determining the amount of the Service Payment to the Class Representative; and (iv) entering the Judgment.

2.17    "Final Judgment" means the latest of the following dates: (i) if no Class Member files an objection to the Settlement, then the date the Court enters Judgment; (ii) if a Class Member files an objection to the Settlement that is not withdrawn, then the date immediately after the applicable date for seeking appellate review of the District Court's order of final approval of the Settlement has expired, assuming no appeal or request for review is filed; and (iii) if a Class Member files an appeal or petition for review following disposition of an objection, the date of the final resolution of that appeal or request for review (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees, attorneys' costs, or any Service Payment shall not by itself in any way delay or preclude the Judgment from becoming a Final Judgment or the Settlement from becoming

5

"Effective."

2.18    "Gross Settlement Amount" is the sum of Two Million Three Hundred Thousand Dollars and Zero Cents ($2,300,000.00), which represents the amount payable in this Settlement by Defendant, which includes, without limitation, attorneys' fees and costs, costs of settlement administration by the Settlement Administrator, Service Payment to the Class Representative, and the amounts payable to Participating Class Members.

2.19    "Judgment" means the judgment and order of final approval to be executed and filed by the Court pursuant to this Stipulation following the Final Approval Hearing.

2.20    "Net Settlement Amount" means the Gross Settlement Amount less attorneys' fees and costs, costs of settlement administration by the Settlement Administrator, and Service Payment to the Class Representative.

2.21    "Non-Participating Class Member" means a Class Member who submits a valid and timely Opt-Out Request to be excluded from the Settlement.

2.22    "Notice of Settlement" shall mean the document attached hereto as **Exhibit A**.

2.23    "Opt-Out Request" means a signed written request to be excluded from the Settlement.

2.24    "Participating Class Member" means a Class Member who does not submit a valid and timely Opt-Out Request to be excluded from the Settlement.

2.25    "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

2.26    "Preliminary Approval Order" means an order of the Court preliminarily approving the Stipulation and the exhibits thereto, and providing for notice to the Class, an opportunity to opt out of the Class, an opportunity to submit timely objections to the settlement, and setting a hearing on the final fairness of the terms of settlement, including approval of the Service Payment and attorneys' fees and costs.  A copy of the Parties' proposed Preliminary Approval Order is attached hereto as **Exhibit C**.

2.27    "Qualified Settlement Fund" means a qualified settlement fund under Section 468B of the Internal Revenue Code established by the Settlement Administrator for the purpose

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1    of administering this Settlement.

2         2.28    "Released Claims," as to each member of the Settlement Class, covers claims that

3    were pled or could have been pled based on the factual allegations contained in the Complaint

4    and covers the period from October 17, 2012, through February 14, 2019, including, without

5    limitation, any claims, actions, causes of action, demands, damages, losses, or remedies, whether

6    based upon federal, state, or local statutes or federal, state, or local common law, relating to,

7    based upon, resulting from, or arising out of the alleged violations of the Fair Credit Reporting

8    Act, including but not limited to 15 U.S.C. § 1681b(b)(2)(A), (d)(a)(1) and (g)(c), Investigative

9    Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq.*), Consumer Credit

10   Reporting Agencies Act (California Civil Code §§ 1785 *et seq.*), California Business &

11   Professions Code §§ 17200, *et seq.*, or any other federal, state or local law governing the

12   procurement or use of background/credit checks, including laws regarding background check

13   disclosures and authorizations and pre-adverse and adverse action notices, other penalties, related

14   tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and

15   other costs, expenses, restitution, and equitable and declaratory relief.  Plaintiff and each

16   settlement Class Member shall further automatically be deemed to have waived and released any

17   and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code with

18   respect to the released claims which arise from the subject of this Settlement, including any and

19   all claims under the Fair Credit Reporting Act and any similar state or local claims, including

20   those regarding an allegedly inadequate or otherwise improper disclosure about the procurement

21   or use of consumer reports for employment purposes or pre-adverse and adverse action notices.

22        2.29    "Releasees" mean Defendant and each of its past or present direct and/or indirect,

23   officers, directors, managers, employees, agents, representatives, attorneys, insurers, partners,

24   investors, shareholders, members, administrators, parent companies, subsidiaries, affiliates,

25   divisions, predecessors, successors, and/or assigns, in their personal, individual, official, and/or

26   corporate capacities.

27        2.30    "Service Payment" means the amount approved by the Court to be paid to the

28   Class Representative in recognition of the Class Representative's efforts in coming forward as a

7

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1  Class Representative and participating in the Action, including attending a deposition and

2  mediation.

3       2.31    "Settlement Administrator" means Rust Consulting.

4       2.32    "Settlement Administration Costs" means the fees and expenses reasonably

5  incurred by the Settlement Administrator as a result of the procedures and processes expressly

6  required by this Stipulation.

7       2.33    "Settlement Class" shall mean all Class Members who do not timely send a signed

8  valid Opt-Out Request that is received by the Settlement Administrator.

9       2.34    "Settlement Payment" means the amount due each Participating Class Member

10  under the terms of this Stipulation.

11       2.35    "Stipulation" or "Settlement" shall mean this Joint Motion/Stipulation of

12  Settlement, signed by all the Parties and their counsel.

13  **3.     DESCRIPTION OF THE LITIGATION**

14       3.1    On October 17, 2017, Schofield filed a putative nationwide class action against

15  Delta in the Superior Court of the County of San Francisco, entitled *Joseph L. Schofield, on*

16  *behalf of himself and all others similarly situated v. Delta Air Lines, Inc., and Does 1 through*

17  *100*, Case No. CGC-17-561932.  The claims for relief Schofield asserted in his Complaint on

18  behalf of himself and a putative class are: (1) violation of 15 U.S.C § 1681b(b)(2)(A) (Fair Credit

19  Reporting Act); (2) violation of 15 U.S.C. §§ 1681d(a)(l) and 1681g(e) (Fair Credit Reporting

20  Act); (3) violation of California Civil Code §§ 1786 *et seq*. (Investigative Consumer Reporting

21  Agencies Act); (4) violation of California Civil Code §§ 1785 *et seq*. (Consumer Credit Reporting

22  Agencies Act); and (5) unfair competition in violation of Business & Professions Code §§ 17200,

23  *et seq*.  Schofield sought the recovery of statutory penalties, civil penalties, punitive damages,

24  injunctive relief, costs of suit, interest, restitution, and reasonable attorneys' fees.

25       3.2    In January 2018, Delta removed the case to the USDC, Northern District of

26  California, where it is pending before the Honorable Edward Chen.

27       3.3    Through discovery, the Parties exchanged information about the claims and

28  defenses in the Action, including the applicable policies, class data, and Plaintiff's deposition.

3.4     On August 16, 2018, the Parties attended a full-day mediation conducted by mediator, Steven J. Rottman, and continued to engage in settlement discussions thereafter.  The Parties subsequently executed a Memorandum of Understanding to resolve all claims in this Action.  At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

**4.     POSITION OF THE PARTIES**

4.1     As set forth in the Complaint, Plaintiff contends that Defendant failed to make the proper disclosures or obtain the proper authorizations as required under the Fair Credit Reporting Act when obtaining a consumer report for employment purposes or to provide applicants a Summary of Rights under the Fair Credit Reporting Act, along with similar state law claims. Plaintiff also contends that his claims are suitable to meet the class certification requirements of Rule 23.

4.2     Defendant specifically and generally denies any and all liability or wrongdoing of any sort with regard to the claims alleged, makes no concessions or admissions of liability of any sort, and contends that for any purpose other than Settlement, the Action is not appropriate for class action or representative action treatment.  Nonetheless, Defendant has concluded that further conduct of the Action would be protracted, distracting and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendant has also taken into account the uncertainty and risks inherent in any litigation.  Defendant has therefore determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation.

4.3     Neither this Stipulation of Settlement, nor any document referred to in it, nor any actions taken pursuant to this Stipulation of Settlement, is or should be construed as an admission by Defendant of any fault, wrongdoing, or liability whatsoever.  Nor should the Stipulation of Settlement be construed as an admission that Plaintiff and the purported class meet any of the required elements for certification under Fed. R. Civ. P. 23.

4.4     Each party vigorously disputes the other party's contentions, but these contentions have taken into account in assessing the risks of litigation and the benefits of reaching a

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

settlement.

4.5     The Parties agree that the above-described discovery, exchange of information, and evaluation are sufficient to assess the merits of the respective Parties' positions and to compromise the claims on a fair and equitable basis.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and under the terms set forth below, considering the strengths and weaknesses of the claims on the merits is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the Class.

4.6     Class Counsel has also weighed the monetary benefit under the Settlement to the Class against the expenses and length of continued proceedings that would be necessary to prosecute the Action against Defendant through trial and possible appeals.  Class Counsel has also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. Therefore, Class Counsel has determined that the settlement set forth in this Stipulation is in the best interests of the Class.

**5.      OPERATIVE TERMS OF THE SETTLEMENT**

5.1     <u>Class Certification for Settlement Purposes Only</u>

5.1.1    The Parties stipulate, for settlement purposes only, to the conditional certification by the Court of the Class, as defined above.

5.1.2    If, for any reason, the Court does not approve this Stipulation, fails to enter the Judgment, or if this Stipulation is terminated for any other reason, no class will have been certified and Defendant shall retain the right to dispute the appropriateness of class certification. This Stipulation shall not be construed as an admission that Plaintiff could meet any of the class action requirements contained in Rule 23 of the Federal Rules of Civil Procedure.

5.2     <u>Gross Settlement Amount</u>

5.2.1    Defendant shall pay Two Million Three Hundred Thousand Dollars and Zero Cents ($2,300,000.00) as the Gross Settlement Amount to resolve the Action on a class-wide basis, as described more fully below.  The Gross Settlement Amount includes the Settlement

10

1  Administration Costs, reasonable attorneys' fees (not to exceed 33-1/3% of the Gross Settlement

2  Amount) plus costs as determined by the Court for Class Counsel, the Service Payment to the

3  Class Representative (not to exceed Ten Thousand Dollars and Zero Cents ($10,000.00)), with

4  the remainder to pay the Settlement Payments to Participating Class Members pursuant to Section

5  5.6 below.

6         5.2.2   If the total number of Class Members exceeds 46,000, then Defendant will

7  supplement the settlement fund as follows:  For each Class Member over the 46,000 total,

8  Defendant will supplement the settlement fund by $50.  For example, if the total number of Class

9  Members is 46,010, then Defendant will supplement the settlement fund by $500 ($50 x 10 Class

10  Members).  The Parties agree that any supplementation of the settlement fund will not increase

11  the potential award of attorney fees to Class Counsel, which is set at a maximum of up to 33 1/3%

12  of $2,300,000.

13      5.3    Service Payment to Class Representative

14         5.3.1   The Service Payment to the Class Representative will, subject to Court

15  approval, be paid by Defendant in an amount not to exceed Ten Thousand Dollars and Zero Cents

16  ($10,000.00) from the Gross Settlement Amount for service and assistance to the Class.

17  Defendant will not oppose the Class Representative's request for Service Payment not to exceed

18  this amount.  The Service Payment to the Class Representative will be in addition to his

19  Settlement Payment.  The Service Payment will be in exchange for executing a settlement

20  agreement and general release including a California Civil Code §1542 waiver.

21         5.3.2   Because the Service Payment represents payment to the Class

22  Representative for service to the Class Members, payroll taxes will not be withheld from the

23  Service Payment.  The Settlement Administrator will report the Service Payment on a Form 1099,

24  and any other required tax forms, and will provide them to the Class Representative and to the

25  pertinent taxing authorities as required by law.  The Class Representative assumes full

26  responsibility for paying all taxes, federal and state, if any, due as a result of the Service Payment

27  and agrees to indemnify Defendant for any such taxes owed by him.

28      5.4    Attorneys' Fees and Costs

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

5.4.1   Class Counsel shall apply to the Court for an award of reasonable attorneys' fees not to exceed 33-1/3% of the Gross Settlement Amount plus reasonable costs from the Gross Settlement Amount, which Defendant will not oppose.  Any amount of the requested attorneys' fees and costs not awarded by the Court will become part of the Net Settlement Amount.

5.5     Settlement Administration Costs

5.5.1     The Settlement Administration Costs, to be mutually agreed upon by the Parties, shall be paid out of the Gross Settlement Amount and are estimated to be Seventy Thousand Dollars ($70,000).  The Settlement Administration Costs shall include: all costs of administering the Settlement, including, but not limited to, all tax document preparation, custodial fees, and accounting fees incurred by the Settlement Administrator; all costs and fees associated with preparing, issuing and mailing any and all notices and other correspondence to Class Members and/or Participating Class Members; all costs and fees associated with communicating with Class Members, Class Counsel, and Defendant's Counsel; all costs and fees associated with computing, processing, reviewing, and paying the Settlement Payment, and resolving disputed claims; all costs and fees associated with calculating tax withholdings and payroll taxes, making related payment to federal and state tax authorities, and issuing tax forms relating to payments made under the Settlement; all costs and fees associated with preparing any tax returns and any other filings required by any governmental taxing authority or agency; all costs and fees associated with preparing any other notices, reports, or filings to be prepared in the course of administering Settlement Payment; maintaining a case website; and any other costs and fees incurred and/or charged by the Settlement Administrator in connection with the execution of its duties under this Stipulation.

5.5.2     The actions of the Settlement Administrator shall be governed by the terms of this Stipulation and any orders of the Court. The Parties agree that communications to and from the third-party claims administrator will include both Plaintiffs' counsel and Defendant's counsel.

5.5.3     In the event that either Defendant's Counsel or Class Counsel take the

12

1  position that the Settlement Administrator is not acting in accordance with the terms of the

2  Stipulation, such party shall meet and confer first with opposing counsel and/or, if necessary with

3  the Settlement Administrator to attempt to resolve the issue. Should those efforts fail, counsel

4  shall jointly approach the Court.

5        5.6    <u>Calculation of Settlement Payments</u>

6        5.6.1    In recognition of the fact that Defendant potentially has a statute of

7  limitations defense against Class Members whose background check Defendant procured or

8  caused to be procured before October 17, 2015, which is two years before Plaintiff filed the

9  Action, the Net Settlement Amount shall be distributed to Class Members as follows:

10      (a)    Sixty percent (60%) of the Net Settlement Amount shall be divided evenly
11             among Class Members on a pro rata basis whose background check
           Defendant procured or caused to be procured on or after October 17, 2015
12             through February 14, 2019;

13      (b)    Forty percent (40%) of the Net Settlement Amount shall be divided evenly
           among Class Members on a pro rata basis whose background check
14             Defendant procured or caused to be procured from October 17, 2012
           through October 16, 2015; and

15      (c)    Any payments which are not cashed after one-hundred eighty (180) days
           following issuance shall be void.  Any unclaimed portion of the Net
16             Settlement Amount shall be paid as a *cy pres* award to the Education Fund
           of the National Association of Consumer Advocates ("NACA Education
17             Fund"), a 501c(3) non-profit organization.

18        5.6.2    Only Participating Class Members shall be entitled to a Settlement

19  Payment.  The Parties agree the payments to each Settlement Class Member are not wages and

20  each Settlement Class Member will be solely responsible for correctly characterizing this

21  payment for tax purposes and for paying any taxes owed on this payment.

22        5.6.3    The Parties recognize that the Settlement Payment to be paid to Class

23  Members reflect the settlement of a dispute over the disclosure of and acquisition of consumer

24  reports to be used for employment purposes.

25      5.7    <u>Releases</u>

26        5.7.1    Upon the Effective Date, Plaintiff and each member of the Settlement

27  Class shall be deemed to have fully, finally, and forever released the Releasees from all Released

28  Claims through February 14, 2019.

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

5.7.2    With respect to the Released Claims only, Plaintiff and each member of the Settlement Class shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

5.7.3    Upon the Effective Date, the Class Representative Joseph L. Schofield shall be deemed to have fully, finally, and forever released Releasees from all Class Representative Released Claims through February 14, 2019.

5.7.4    In addition, Class Representative Joseph L. Schofield shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Class Representative Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

## 6.    NOTICE TO CLASS

### 6.1    Preliminary Approval

6.1.1    Class Counsel and Defendant's Counsel shall jointly submit to the Court a motion for preliminary approval by the Court.  Plaintiff shall be responsible for drafting and filing the motion for preliminary approval.  Plaintiff will provide Defendant with a copy of the draft motion for preliminary approval at least three (3) business days before the filing of the motion(s). The Court's preliminary approval of this Settlement shall be embodied in a Preliminary Approval Order certifying the Class, preliminarily approving the Settlement and providing for Notice of Settlement to be mailed to the Class in the general form attached hereto as **Exhibit A**, and which will also set the date for the Final Approval Hearing.

### 6.2    Notice

6.2.1    Within thirty (30) days after the Court issues the Preliminary Approval

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

Order, Defendant shall provide the Database to the Settlement Administrator.  The Database shall be based on Defendant's personnel, and/or other business records and provided in a format acceptable to the Settlement Administrator.  The Settlement Administrator shall maintain the Database, and all data contained with the Database, as private and confidential and shall not disclose such data to any persons or entities other than Defendant's Counsel, except that relevant information may be provided to Class Counsel to the extent necessary to address a disputed claim or to respond to a specific inquiry from a Class Member.  This data is being supplied solely for purposes of the administration of the Settlement and hence cannot be used by the Settlement Administrator or Class Counsel for any purpose other than to administer the Settlement.  The Parties agree that the information in the Database will not be used to solicit Class Members to file any claim, charge or complaint of any kind whatsoever against Defendant, or for any other purpose other than to administer the Settlement as provided herein.  Upon receipt of the Database, the Settlement Administrator shall check with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members.

        6.2.2    Class Members shall not be required to file claim forms.

        6.2.3    The Settlement Administrator will mail via first class mail the Notice of Settlement directly to the last known address of each Class Member within fourteen (14) days of receiving the Database from Defendant.  The Settlement Administrator will also establish a settlement website which will include the Settlement Agreement and a summary of the settlement terms within fourteen (14) days of receiving the Database from Defendant.  A long-form notice of settlement will also be made available on the settlement website, a copy of which is attached as **Exhibit B**.

        6.2.4    Unless the Settlement Administrator receives the Notice of Settlement returned as undeliverable from the U.S. Postal Service, the Notice Packet shall be deemed received by the Class Member to whom it was sent.

        6.2.5    In the event that after the first mailing of the Notice and prior to the Final Approval Hearing, any Notice is returned to the Settlement Administrator by the U.S. Postal

1   Service with a forwarding address for the recipient, the Settlement Administrator shall remail

2   such notice to that forwarding address within three (3) days.

3          6.2.6    In the event that after the first mailing of the Notice and prior to the Final

4   Approval Hearing, any Notice is returned to the Settlement Administrator by the U.S. Postal

5   Service without a forwarding address, the Settlement Administrator shall perform a standard skip-

6   trace using the Class Member's social security number, address, and/or telephone number in an

7   effort to ascertain the current address and/or telephone number of the Class Member.  If a current

8   address is ascertained, the Settlement Administrator shall remail the Notice within three (3) days.

9          6.2.7    Class Members, except for Plaintiff, will have forty-five (45) days from the

10  initial date of mailing the Notice of Settlement within which to opt-out of the Settlement.  Class

11  Members who wish to exercise this option must timely submit an Opt-Out Request to the

12  Settlement Administrator.  The Opt-Out Request must be postmarked on or before forty-five (45)

13  days from the date of mailing the Notice.  Class Members who do not timely submit an executed

14  Opt-Out Request shall be part of the Settlement Class and bound by the Settlement.  Class

15  Members who timely submit an executed Opt-Out Request shall have no further role in the

16  Action, and for all purposes they shall be regarded as if they never were a party to this Action or a

17  Class Member, and thus they shall not be entitled to any payment as a result of this Settlement

18  and shall not be entitled to or permitted to assert an objection to the Settlement.  The Notice of

19  Settlement shall advise Class Members of their ability to opt-out of the Settlement and of the

20  consequence thereof.  Neither the Parties nor any of their counsel will solicit any Class Member

21  to submit an Opt-Out Request.

22          6.2.8    An Opt-Out Request must be signed and dated to be valid.

23          6.2.9    Class Members will have forty-five (45) days from the date of mailing the

24  Notice of Settlement within which to file an objection to the Settlement.  Only Class Members

25  who have not filed an Opt-Out Request may object to the Settlement.  To object, a Class Member

26  must submit a written objection to the Settlement Administrator.  The Settlement Administrator

27  shall forward copies of any objections to Class Counsel and Defendant's Counsel within three (3)

28  days of receipt.  Class Counsel shall submit copies of any objections received to the Court in

16

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

conjunction with the filing of the motion for Final Approval of the settlement.  The Parties and their counsel agree that they will not solicit, encourage, counsel, or advise any individual to object to the Settlement.

6.2.10  Beginning two weeks after the date the Notices of Settlement are mailed, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a weekly status report which will be cumulative, reflecting the names and the number of Class Members who have filed Opt-Out Requests, as well as information about how many Notices have been mailed to forwarding addresses, returned as undeliverable, and/or remailed.

6.2.11  If more than five percent (5%) of the total number of Class Members submit timely and valid Opt-Out Requests, then Defendant shall have the option to void the Settlement in its sole discretion.  To exercise this option, Defendant must send written notification to Class Counsel within fourteen (14) days of receiving a report from the Settlement Administrator informing Defendant that the total number of timely and valid Opt-Out Requests is more than five percent (5%).  If Defendant chooses to exercise this option, the effect will be precisely the same as if Final Judgment did not occur, as discussed herein, and all Settlement Administration Costs incurred by the Settlement Administrator through that date will be paid by Defendant.

6.2.12  At least seven (7) days prior to the deadline for filing the motion for final approval of the Settlement, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a declaration of due diligence and proof of mailing with regard to the mailing of the Notice and the number of completed Opt-Out Requests.

6.3     Final Approval

6.3.1    Prior to the Final Approval Hearing, Plaintiff will move the Court for entry of the Final Approval Order and Judgment (a) certifying the Class for Settlement purposes only, (b) finding the Settlement fair, reasonable, adequate, and in the best interests of the Class Members, (c) approving Class Counsel's application for an award of attorneys' fees and costs, (d) approving the Class Representative's application for Service Payment, (e) approving the payment of reasonable Settlement Administration Costs, (f) ordering the Parties to comply with the terms

17

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1    of the Settlement Agreement; (g) retaining jurisdiction for the purpose of enforcing the terms of

2    the Settlement Agreement; and (h) except as provided in (f) and (g), dismissing the action and

3    permanently releasing and barring any further Released Claims by Class Members who do not

4    opt-out of the Settlement. The Parties expressly agree that the Court will retain jurisdiction to

5    enforce the terms of the Settlement and the Final Approval Order.  The Parties and their counsel

6    shall make all reasonable efforts to secure entry of the Judgment.  The proposed Final Approval

7    Order and Judgment shall be lodged with the Court no later than seven (7) days before the Final

8    Approval Hearing.  Plaintiff shall be responsible for drafting and filing the motion for Final

9    Approval and for entry of the Judgment.  Plaintiff will provide Defendant with a copy of the

10    motion(s) at least five (5) business days before the filing of the motion(s).

11             6.3.2    Class Representative and Class Counsel agree that they shall draft and file

12    the necessary papers for approval of the Service Payment and attorneys' fees and costs.

13    Defendant will not oppose the amount of the Service Payment and attorneys' fees and costs

14    sought, as long as they are consistent with the Stipulation.  If the Court (or any appellate court)

15    awards less than the amount requested for attorneys' fees and/or costs, or less than the amount

16    requested for the Service Payment for the Class Representative only the awarded amount shall be

17    paid and shall constitute satisfaction of the obligations of Defendant under this Stipulation.  If

18    Class Counsel files a timely appeal regarding the amount of Class Counsel fees and/or costs or

19    Service Payment approved by the Court, the Settlement Administrator shall hold the difference

20    between the amount requested and the amount awarded in escrow, in an interest-bearing account

21    until such appeal has been fully resolved.  Any unawarded amounts shall be added to the Net

22    Settlement Amount for distribution to the Participating Class Members, pursuant to Section 6.4.

23             6.3.3    No later than fourteen (14) days prior to the Final Approval hearing,

24    Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has

25    properly been served pursuant to 28 U.S.C. §1715.

26             6.3.4    If an appeal results in an order materially modifying, setting aside, or

27    vacating any portion of the Stipulation, with the exception of any modification of the amount of

28    attorneys' fees or costs to be paid to Class Counsel, or the amounts of the Service Payment paid

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1    to the Class Representative, each party adversely impacted by the order shall have the absolute

2    right, at its sole discretion, to treat such order as an event permanently preventing the occurrence

3    of Final Judgment.  To exercise this right, the party must inform the other party and the

4    Settlement Administrator, in writing, of the exercise of this right, within fourteen (14) days of

5    receiving notice of any order modifying, setting aside, or vacating any portion of the Stipulation.

6    Before either Party elects to exercise its right to treat such order as an event permanently

7    preventing the occurrence of Final Judgment that Party must meet and confer in good faith with

8    the other Party to determine if an agreement can be reached modifying this Settlement to the

9    mutual satisfaction of the Parties.

10           6.3.5    If Final Judgment does not occur, or if this Stipulation is terminated or

11    canceled pursuant to its terms, the Parties to this Stipulation shall be deemed to have reverted to

12    their respective status as of the date and time immediately prior to the execution of this

13    Stipulation.  Notwithstanding any other provision of this Stipulation, no order of the Court, or

14    modification or reversal on appeal of any order of the Court, reducing the amount of any

15    attorneys' fees or costs to be paid by Defendant to Class Counsel, or reducing the amount of the

16    Service Payment paid to the Class Representative, shall constitute grounds for cancellation or

17    termination of the Stipulation, or grounds for limiting any other provision of the Judgment.

18           6.4    Funding and Distribution of the Settlement Proceeds

19           6.4.1    Within fifteen (15) days after the Effective Date, but no earlier than

20    January 18, 2019, Defendant shall pay Two Million Three Hundred Thousand Dollars and Zero

21    Cents ($2,300,000.00) into the Qualified Settlement Fund under Section 468B of the Internal

22    Revenue Code established by the Settlement Administrator for the purpose of administrating the

23    settlement.  The Gross Settlement Amount is fully non-reversionary.

24           6.4.2    Within twenty-eight (28) days after the Effective Date, the Settlement

25    Administrator shall issue Settlement Payments to Class Members in the form of a check, which

26    shall become null and void if not deposited within one hundred eighty (180) days of issuance.

27    The Settlement Administrator will mail all settlement checks to the last known address of each

28    Participating Class Member.  No settlement checks will be mailed to those Class Members whose

19

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

Notice was returned as undeliverable with no valid address ascertained as provided in paragraph 6.2.6.  Any Class Member who is not mailed an initial Settlement Payment pursuant to this paragraph shall nevertheless be bound by the Judgment and release of Claims.  For all such Class Members, the value of their Settlement Payment shall be included in the Net Settlement Amount to be allocated to Participating Class Members.  The settlement check shall contain release language printed on the back of the check.  In the event that a Settlement Payment is returned by the U.S. Postal Service with a forwarding address, the Settlement Administrator shall remail the check within three (3) days.  In the event that a Settlement Payment is returned by the U.S. Postal Service as undeliverable, the Settlement Administrator shall perform a standard skip-trace and shall remail the check within three (3) days if a current address can be ascertained.

      6.4.3    After one hundred eighty (180) days of issuance, funds from undeposited checks will be held by the Settlement Administrator; if the Class Member to whom the undeposited check is issued does not contact Class Counsel or the Settlement Administrator concerning his or her settlement payment within one-hundred eighty (180) days of issuance, the Stipulation, including its release, will be binding on that Class Member, and the amount of that Class Member's settlement payment will revert back to the Qualified Settlement Fund and will be paid as a *cy pres* award pursuant to Section 5.6.1(c).  During the 180-day check-cashing period, the Settlement Administrator shall provide bi-weekly reports to Class Counsel and Defendant's Counsel regarding the number of checks cashed and the total value of Settlement Payment remaining uncashed.

      6.4.4    Within twenty-eight (28) days of the Effective Date, the Settlement Administrator shall pay the Court-approved Attorneys' Fees and Costs to Class Counsel's trust account, which shall distribute the Attorneys' Fees and Costs as appropriate to Class Counsel and in accordance with Section 5.4.  Class Counsel shall provide to the Settlement Administrator, with a copy to Defendant, the pertinent taxpayer identification number and Form W-9 within fourteen (14) days after the Effective Date.

      6.4.5    Within twenty-eight (28) days of the Effective Date, the Settlement Administrator shall send a check by mail for the Court-approved Service Payment to the Class

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

1 Representative, care of Class Counsel.

2         6.4.6   Within two hundred and ten (210) days of issuance of the settlement

3 checks, the Class Administrator shall provide to Class Counsel and Defendant's Counsel a report

4 as to the amount of funds remaining in the Settlement Fund.

5 **7.**      **MISCELLANEOUS PROVISIONS**

6       7.1    The Parties agree to cooperate fully with one another to accomplish and implement

7 the terms of this Settlement. Such cooperation shall include, but not be limited to, execution of

8 such other documents and the taking of such other action as may reasonably be necessary to

9 fulfill the terms of this Settlement. The Parties to this Settlement shall exercise reasonable

10 efforts, including all efforts contemplated by this Settlement and any other efforts that may

11 become necessary by Court order, or otherwise, to effectuate this Settlement and the terms set

12 forth herein.

13       7.2    The Parties hereto agree that the terms and conditions of this Stipulation are the

14 result of lengthy, intensive, arm's-length negotiations between the Parties and that this Stipulation

15 shall not be construed in favor of or against any party by reason of the extent to which any party

16 or its counsel participated in the drafting of this Stipulation.

17       7.3    The Parties and their counsel agree that no comments of any kind regarding the

18 Settlement, the Settlement Term Sheet and Memorandum of Understanding, the Settlement-

19 related documents, or the Settlement negotiations (including without limitation, the negotiations

20 in the course of mediation), may be made at any time to the press/media, unless the Parties agree

21 otherwise in writing. Notwithstanding the foregoing, Defendant shall have the right to disclose

22 the Settlement and its terms for accounting or public filing purposes, or to otherwise comply with

23 any public reporting duties and that Class Counsel may post Court documents only on Class

24 Counsel's website. The Parties' counsel shall also retain the right to discuss the Settlement with

25 the Parties.

26       7.4    Plaintiff, by signing this Stipulation, is bound by the terms herein and further

27 agrees not to request to be excluded from the Settlement and not to object to any terms of this

28 Stipulation. Any such request for exclusion or objection shall therefore be void and of no force or

21

effect.  Defendant and Plaintiff waive their rights to file an appeal, writ, or any challenge whatsoever to the terms of this Stipulation, except Plaintiff and Class Counsel have the right to appeal any order denying, in whole or in part, their application for the award of attorneys' fees and costs and/or the Service Payment.

7.5     Plaintiff agrees that this Settlement fully and finally resolves any and all claims that were pled or could have been pled based on the factual allegations contained in the Complaint.  Plaintiff agrees to execute a dismissal with prejudice of this entire action and to file that dismissal within forty-five (45) days of the Court entering its Final Approval Order.

7.6     Neither Class Counsel nor any other attorneys acting for, or purporting to act for, the Class, Class Members, or Plaintiff, may recover or seek to recover amounts for fees, costs, or disbursements from the Releasees or from the Gross Settlement Amount as related to the Released Claims except as expressly provided herein.

7.7     This Stipulation may not be changed, altered, or modified, except in writing signed by the Parties hereto and approved by the Court. This Stipulation may not be discharged except by performance in accordance with its terms or by a writing used by the Parties hereto.

7.8     This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

7.9     The signatories hereto represent that they are fully authorized to enter into this Stipulation and bind the Parties hereto to the terms and conditions hereof.

7.10    The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged by this Stipulation.

7.11    Because the members of the proposed Class are so numerous, the Parties agree that it is impossible or impractical to have each Class Member sign this Stipulation.  It is agreed that, for purposes of seeking approval of the Class Settlement, this Stipulation may be executed on behalf of the proposed Class by Class Counsel.

7.12    This Stipulation shall become effective upon its execution by all of the

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

DB1/ 100349502.3

DocuSign Envelope ID: E5CDBA5C-287D-4150-95FB-58C01A488769

1  undersigned.  The Parties may execute this Stipulation in counterparts, and execution of

2  counterparts shall have the same force and effect as if all Parties had signed the same instrument.

3         7.13    The Court shall retain jurisdiction with respect to the implementation and

4  enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the

5  Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

6  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

7         7.14    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

8  convenience and for reference, and in no way define, limit, extend, or describe the scope of this

9  Stipulation, or any provision thereof.

10         7.15    This Stipulation, which expressly incorporates the Parties' Memorandum of

11  Understanding, contains the entire agreement between the Parties relating to the Settlement and

12  transaction contemplated hereby, and all prior or contemporaneous agreements, understandings,

13  representations, and statements, whether oral or written and whether by a party or such party's

14  legal counsel, are merged herein. No rights hereunder may be waived except in writing.

15         IN WITNESS WHEREOF, this Stipulation is executed by the Parties and their duly

16  authorized attorneys, as of the day and year herein set forth.

17  Dated: _____ 12/28/2018

18                       *Joseph Schofield*_____
                     Joseph L. Schofield, Plaintiff

19  Dated: _____    DELTA AIR LINES, INC.

20                       _____

21                       Name:
                     Title:

22  Dated: _____    SETAREH LAW GROUP

23                       _____

24                       Shaun Setareh, Esq.
                     Thomas Segal, Esq.

25                       Attorneys for Plaintiff Joseph L. Schofield

26  Dated: _____    MORGAN, LEWIS & BOCKIUS LLP

27                       _____

28                       Robert Jon Hendricks, Esq.
                     Attorneys for Defendant Delta Air Lines, Inc.

STIPULATION OF SETTLEMENT
Case No. 3:18-cv-00382-EMC

DB1/ 100349502.3

1  undersigned.  The Parties may execute this Stipulation in counterparts, and execution of

2  counterparts shall have the same force and effect as if all Parties had signed the same instrument.

3       7.13    The Court shall retain jurisdiction with respect to the implementation and

4  enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the

5  Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

6  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

7       7.14    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

8  convenience and for reference, and in no way define, limit, extend, or describe the scope of this

9  Stipulation, or any provision thereof.

10       7.15    This Stipulation, which expressly incorporates the Parties' Memorandum of

11  Understanding, contains the entire agreement between the Parties relating to the Settlement and

12  transaction contemplated hereby, and all prior or contemporaneous agreements, understandings,

13  representations, and statements, whether oral or written and whether by a party or such party's

14  legal counsel, are merged herein. No rights hereunder may be waived except in writing.

15       IN WITNESS WHEREOF, this Stipulation is executed by the Parties and their duly

16  authorized attorneys, as of the day and year herein set forth.

17  Dated: _____

18                                    Joseph L. Schofield, Plaintiff

19  Dated: 12/31/18 _____

20                                    DELTA AIR LINES, INC.

21                                    Name: Marguerite H. Taylor
                                  Title: VP-Chief Litigation Counsel

22  Dated: _____

23                                    SETAREH LAW GROUP

24                                    Shaun Setareh, Esq.
                                  Thomas Segal, Esq.
                                  Attorneys for Plaintiff Joseph L. Schofield

25  Dated: 1/3/19 _____

26                                    MORGAN, LEWIS & BOCKIUS LLP

27                                    Robert Jon Hendricks, Esq.
                                  Attorneys for Defendant Delta Air Lines, Inc.

28

                                        STIPULATION OF SETTLEMENT
                                        Case No. 3:18-cv-00382-EMC

1  undersigned.  The Parties may execute this Stipulation in counterparts, and execution of

2  counterparts shall have the same force and effect as if all Parties had signed the same instrument.

3        7.13    The Court shall retain jurisdiction with respect to the implementation and

4  enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the

5  Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

6  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

7        7.14    Paragraph titles or captions contained in the Stipulation are inserted as a matter of

8  convenience and for reference, and in no way define, limit, extend, or describe the scope of this

9  Stipulation, or any provision thereof.

10        7.15    This Stipulation, which expressly incorporates the Parties' Memorandum of

11  Understanding, contains the entire agreement between the Parties relating to the Settlement and

12  transaction contemplated hereby, and all prior or contemporaneous agreements, understandings,

13  representations, and statements, whether oral or written and whether by a party or such party's

14  legal counsel, are merged herein. No rights hereunder may be waived except in writing.

15        IN WITNESS WHEREOF, this Stipulation is executed by the Parties and their duly

16  authorized attorneys, as of the day and year herein set forth.

17  Dated: _____

18                              _____
                               Joseph L. Schofield, Plaintiff

19  Dated: _____          DELTA AIR LINES, INC.

20                              _____

21                              Name:
                               Title:

22  Dated: _1_/_3_/_2019_      SETAREH LAW GROUP

23

24                              _____
                               Shaun Setareh, Esq.
                               Thomas Segal, Esq.

25                              Attorneys for Plaintiff Joseph L. Schofield
   Dated: _____        MORGAN, LEWIS & BOCKIUS LLP

26

27                              _____
                               Robert Jon Hendricks, Esq.
                               Attorneys for Defendant Delta Air Lines, Inc.

28

# EXHIBIT A

*[insert settlement administrator name & address information]*

Postal Service: Please do not mark barcode

Claimant ID: ((claimantda))
((claimantname))
((addr1)) ((addr2))
((city)) ((state)) ((zip))
((country))

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

*Joseph Schofield v. Delta Air Lines, Inc.*,
United States District Court for the Northern District of California
Case No. 3:18-cv-00382-EMC

*This notice is a summary. The full notice can be found online at [insert URL for settlement website]*

A settlement has been reached in the lawsuit referenced above which is pending in the United States District Court for the Northern District of California ("Court"). Who Is Included? You are part of this Settlement as a Class Member if, from October 17, 2012, through February 14, 2019, you were (a) employed by or applied to be employed by Delta; and (b) Delta procured a background check on you for employment purposes. If you were sent this Notice, it is because Delta's records indicate that you are a Settlement Class Member. In all cases, the question of Settlement Class membership will be determined based on Delta's records. If you are not certain whether you are a Settlement Class Member, you may contact the Settlement Administrator to find out. The Settlement Administrator's contact information is *[insert settlement administrator contact information]*.

**Summary of the Settlement**: The plaintiff in this case alleges that Delta used non-compliant background disclosure forms. claims which Delta denies. The Court has preliminarily approved a $2,300,000 Gross Settlement Fund (which also includes sums for settlement administration, Class Counsel's court-approved attorneys' fees and costs, and a court-approved class representative payment). As part of the Settlement, you will receive a payment and will be releasing all Released Claims, unless you opt out.

**Do I Have A Lawyer**? Yes. The Court has appointed Setareh Law Group as Class Counsel to represent the interests of you and other Class Members. You may hire your own attorney to advise you, but you will be responsible for paying that attorney's fees.

**What Should I Do**? You should get more information from the Settlement Administrator by calling the phone number provided or visiting the website provided and make a decision about what your legal rights are. Basically, as a Class Member, you have two options: (1) Do nothing. Each Class Member will receive a share of the Net Settlement Fund unless they exclude themselves from the class by timely submitting an "opt-out" notice. If you do not exclude yourself from the settlement and do not object to the settlement, then you are not required to take any action. You may simply wait until the Court grants final approval of the settlement at the Final Fairness and Approval Hearing, and you will be mailed your settlement check thereafter. In exchange for a settlement payment, you will be releasing all Released Claims in the Settlement, including any Fair Credit Reporting Act (FCRA) and related state law claims related to the allegedly non-compliant pre-authorization forms, including any adverse action claims. (2) You can opt out and be excluded from the Settlement. If you choose to be excluded from the Settlement, you will not receive any settlement payment or distribution, and you will not be bound by any judgment or other final disposition of the action. Your Opt-Out Request must be postmarked on or before *[insert 45-day exclusion deadline]*.

If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by submitting a written objection to the Settlement Administrator at _____. The objection should be signed and include your name, address, telephone number, the case name and number, and the reasons why you believe the Settlement should not be approved. All objections must be postmarked no later than *[insert 45-day objection deadline]*. Even if you submit an objection, you will be bound by the terms of the Settlement, including applicable releases, unless the Settlement is not finally approved by the Court.

**Scheduled Hearing**: The U.S. District Court for the Northern District of California located in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, will conduct a hearing on whether to approve the Settlement and, if so, will determine what fees and expenses should be awarded to Class Counsel and whether a service payment should be awarded to the Class Representative. The hearing is presently scheduled for _____, Courtroom 5, 17th Floor, Honorable Edward M. Chen presiding but may be changed. Any Class Member may enter an appearance with the Court through an attorney.

For more information, contact the Settlement Administrator at *[insert phone number]*, or write to *[insert settlement administrator address] or visit [insert URL for settlement website]*.

# EXHIBIT B

## NOTICE OF CLASS ACTION SETTLEMENT
*Schofield v. Delta Air Lines, Inc.*
Case No. 3:18-cv-00382-EMC

TO:    All persons in the United States who applied for employment with Delta Air Lines, Inc. and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019.

### Why should you read this Notice?

A proposed settlement (the "Settlement") has been reached in a class action lawsuit in *Schofield v. Delta Air Lines, Inc.*, U.S. District Court, N.D. Cal., Case No. 3:18-cv-00382-EMC (the "Action"). The purpose of this Notice of Settlement ("Notice") is to describe the case, and to inform you of your rights and options in connection with the Action and the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Edward M. Chen on _____ at 1:30 p.m. at the following address:  Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom 5, 17th Floor, to determine whether the case should be settled. The date and time of the Final Fairness Hearing may change without further notice to the Class. Updated information regarding the date and time of the hearing will be posted on the case website at [URL].

**AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE A PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN THIS NOTICE, UNLESS YOU REQUEST TO BE EXCLUDED FROM THE SETTLEMENT, AS EXPLAINED BELOW.**

### Who is affected by this proposed Settlement?

The Court has certified, for settlement purposes, the following class (the "Class"):

> "All persons in the United States who applied for employment with Delta Air Lines, Inc. and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019."

According to the records of Defendant, you are a member of the Class ("Class Member").

### What is this case about?

In the Action, Plaintiff alleges on behalf of himself and a putative nationwide and California class the following claims against Defendant:  (1) failure to provide compliant background check disclosures/authorizations under the Fair Credit Reporting Act (15 U.S.C § 1681b(b)(2)(A)); (2) failure to provide the Summary of Rights under the FCRA (15 U.S.C. §§ 1681d(a)(l) and 1681g(e)); (3) failure to provide compliant background check disclosures/authorizations under the California Investigative Consumer Reporting Agencies Act (Cal. Civil Code §§ 1786 *et seq*.); (4) failure to provide compliant background check disclosures/authorizations under the California Consumer Credit Reporting Agencies Act (Cal. Civil Code §§ 1785 *et seq*.); and (5) unfair competition in violation of California Business & Professions Code §§ 17200, *et seq*. The Action asserts claims for statutory penalties, civil penalties, punitive damages, injunctive relief, costs of suit, interest, restitution, and reasonable attorneys' fees.

Defendant is confident that it has strong legal and factual defenses to these claims, but it recognizes the risks, distractions, and costs associated with litigation. Defendant contends that its background check policies and procedures and background check disclosures/authorizations are lawful and have been lawful throughout the Class Period. Defendant also contends that Plaintiff's claims do not meet the requirements for class certification.

This Settlement is the result of good faith, arm's length negotiations between Plaintiff and Defendant, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. The Settlement is a compromise and is not an admission of liability on the part of Defendant.

///

///

### *Who are the attorneys representing the Parties?*

**The attorneys for the Class Representative in the Action ("Class Counsel") are**:

> Shaun Setareh
> Thomas Segal
> Setareh Law Group
> 315 South Beverly Drive, Suite 315
> Beverly Hills, CA 90212
> Telephone: (310) 888-7771

**The attorneys for Defendant are**:

> Robert Jon Hendricks
> Andrew P. Frederick
> Morgan, Lewis & Bockius LLP
> One Market, Spear Street Tower
> San Francisco, CA 94105
> Telephone: (415) 442-1000

### *What are the Settlement terms?*

Subject to final Court approval, Defendant will pay $2,300,000 (the "Gross Settlement Amount") for: (a) settlement payments to Class Members; (b) the Court-approved service payment to the Class Representative; (c) the Court-approved Class Counsel's fees and costs; and (d) the costs of administering the Settlement.

**Class Members' Settlement Payments.**   After deductions from the Gross Settlement Amount for attorneys' fees and costs, the service payments to the Class Representative, and the costs of administering the Settlement, there will be a Net Settlement Amount.  From this Net Settlement Amount, Defendant will make a payment ("Settlement Payment") to each Class Member who does not opt out of the Settlement Class as follows: (a) sixty percent (60%) of the Net Settlement Amount shall be divided evenly among Class Members on a pro rata basis whose background check Defendant procured or caused to be procured on or after October 17, 2015 through February 14, 2019; (b) forty percent (40%) of the Net Settlement Amount shall be divided evenly among Class Members on a pro rata basis whose background check Defendant procured or caused to be procured from October 17, 2012, through October 16, 2015; and (c) any payments which are not cashed after one-hundred eighty (180) days following issuance shall be void.  Any payments which are not cashed shall be distributed as a *cy pres* award to the Education Fund of the National Association of Consumer Advocates ("NACA Education Fund"), a 501c(3) non-profit organization.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it.  Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement.  Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

If the Notice to a Class Member is returned as undeliverable, and if the Settlement Administrator cannot locate a valid address for the Class Member with reasonable efforts, that Class Member will not be mailed a check, and the money that would have gone to that Class Member will be redistributed to the other Participating Class Members whose Notices were not returned as undeliverable.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Payment, and Administrative Costs.**   Class Counsel will ask the Court to award attorneys' fees up to 33-1/3% of the Gross Settlement Amount, and reasonable litigation costs.  In addition, Class Counsel will ask the Court to authorize a service payment of up to $10,000 for the Class Representative in addition to the Class Representative's portion of the Net Settlement Amount.  The Parties estimate the cost of administering the Settlement will be $70,000.

### *What is my estimated Settlement Payment?*

While the precise amount of your Settlement Payment is not known at this time, if Defendant procured or caused to be procured a background check on you from October 17, 2012, through October 16, 2015, your estimated Settlement Payment is $_____.  If Defendant procured or caused to be procured a background check on you on or after October 17, 2015, your estimated Settlement Payment is $_____.

///

///

### *What claims are being released by the proposed Settlement?*

Upon the Effective Date of the Settlement, Plaintiff and each member of the Settlement Class shall be deemed to have fully, finally, and forever released the Releasees from all Released Claims through the date of the Preliminary Approval Order.  "Settlement Class" shall mean all Class Members who do not timely send a signed valid Opt-Out Request that is received by the Settlement Administrator.  "Releasees" shall mean Defendant and each of its past, present and/or future, direct and/or indirect, officers, directors, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, members, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and/or assigns, in their personal, individual, official, and/or corporate capacities.  "Released Claims," as to each member of the Settlement Class, shall mean any and all claims against Releasees that were or could have been pled based on the allegations in the Complaint including, but not limited to, claims relating to, based upon, resulting from, or arising out of the alleged violations of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681b(b)(2)(A), (d)(a)(1) and (g)(c), Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq.*), Consumer Credit Reporting Agencies Act (California Civil Code §§ 1785 *et seq.*), California Business & Professions Code §§ 17200, *et seq.*, or any other federal, state or local law governing the procurement or use of background/credit checks, including laws regarding background check disclosures and authorizations and pre-adverse and adverse action notices, other penalties, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.

Plaintiff and each settlement Class Member also are waiving and releasing any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code with respect to the released claims which arise from the subject of this Settlement, including any and all claims under the Fair Credit Reporting Act and any similar state or local claims, including those regarding an allegedly inadequate or otherwise improper disclosure about the procurement or use of consumer reports for employment purposes or pre-adverse and adverse action notices.

### *What are my options in this matter?*

You have **two** options under this Settlement, each of which is discussed below.  You may: (A) remain in the Class and receive a settlement payment; or (B) exclude yourself from the Class and from the Settlement.  If you choose to remain in the Class, you may also object to the Settlement, as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel.  However, Class Counsel will not represent you for purposes of making objections to the Settlement.  If you remain in the Class, you will be subject to any Judgment that will be entered in this Action, including the release of the Released Claims as described above.

**OPTION A.  <u>Remain in the Class</u>**.  If you wish to remain in the Class and be eligible to receive a payment under the Settlement, you do not need to do anything.  You will be included in the Class automatically.  By remaining in the Class and receiving settlement monies, you consent to the release of claims that are asserted or could have been asserted based on the allegations of the Complaint, including claims for statutory penalties, civil penalties, punitive damages, injunctive relief, costs of suit, interest, restitution, and reasonable attorneys' fees.

Any amount paid to Class Members will not count or be counted for determination of eligibility for, or calculation of, any employee benefits (for example, vacations, holiday pay, retirement plans, non-qualified deferred compensation plans, etc.), or otherwise modify any eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Releasees, unless otherwise required by law.

**OPTION B.  <u>If You Do Not Want To Be Bound By The Settlement</u>**.  If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement ("Opt-Out Request") to the Settlement Administrator.  To be valid, your Opt-Out Request must be postmarked on or before ***[insert 45-day exclusion deadline]***.  If you do not timely submit a signed Opt-Out Request (as evidenced by the postmark), your Opt-Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in the "What claims are being released by the proposed Settlement?" section above and all other Settlement terms.  If the Opt-Out Request is sent from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail, or the equivalent.  If you timely submit a signed Opt-Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you never were either a party to this Action or a Class Member, and thus you will not be entitled to any payment from the Settlement and will not be entitled to or permitted to assert an objection to the Settlement.

**Objecting to the Settlement:**  If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by submitting a written objection to the Settlement Administrator at _____.  **You cannot object to the Settlement if you request exclusion from the Settlement**, as provided under Option B above.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action:  *Schofield v. Delta Air Lines, Inc.*, U.S. District Court, N.D. Cal., Case No. 3:18-cv-00382-EMC. All objections must be postmarked no later than **[*insert 45-day objection deadline*]**.  Your objection must clearly state the reasons why you believe the Court should find that the proposed Settlement is not in the best interest of the Settlement Class, and why you believe the Settlement should not be approved.  The Settlement Administrator shall forward copies of any objections to Class Counsel and to Defendant's Counsel within three days of receipt.  Class Counsel shall submit copies of any objections received to the Court in conjunction with the filing of the motion for final approval of the Settlement.

You may hire an attorney at your own expense to appear on your behalf or you may appear personally at the Final Approval Hearing if you submit a timely objection in the manner described above.  Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service payment to the Class Representative, and any and all other aspects of the Settlement.

<u>Even if you submit an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Settlement is not finally approved by the Court.</u>

### *What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the service payment to the Class Representative on [_____], at [_____] in Courtroom 5, 17th Floor, USDC Northern District of California, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102.  The Final Approval Hearing may be continued without further notice to Class Members.  You are not required to attend the Final Approval Hearing to receive a share of the Settlement.

### *How can I get additional information?*

This Notice only summarizes the Action, the basic terms of the Settlement, and other related matters.  For more information, you may review the Court's files, including the detailed Stipulation of Settlement, which is on file with the Clerk of the Court.  The pleadings and other records in this Action, including the Stipulation of Settlement, may be accessed, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or examined at the Records Office of the Clerk of the United States District Court, located at Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  You can also request a copy of the Stipulation of Settlement from Class Counsel, at the address listed above.   More information and court documents are also available on the case website, at [URL].

Any questions regarding this Notice should be directed to the Settlement Administrator or to Class Counsel at the addresses listed above in this Notice.  For more information you may also call the Settlement Administrator toll-free at [NUMBER].

### *What should I do if my address changes?*

If you received this Notice at an address other than the address shown on the Notice, or if your address changes, please promptly contact the Settlement Administrator toll-free at [NUMBER].  This will ensure that you receive further notices about this settlement, and that you receive your Settlement Payment if the settlement is approved by the Court.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE ATTORNEYS FOR THE DEFENDANT ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 3:18-cv-00382-EMC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Dept.:     Courtroom 5, 17th Floor<br>Judge:     Hon. Edward Chen |

1   Plaintiff Joseph Schofield's Motion for Preliminary Approval of Class Action Settlement

2   came before this Court on February 14, 2019.  The Court, having fully reviewed Plaintiff's

3   Motion for Preliminary Approval of Class Action Settlement, and the supporting Memorandum of

4   Points and Authorities and Declarations, including the Joint Stipulation of Class Action

5   Settlement ("Settlement Agreement") and Notice of Settlement ("Notice"), and for good cause

6   appearing, HEREBY MAKES THE FOLLOWING ORDERS:

7   1.   The Court grants preliminary approval of the settlement based upon the terms set

8   forth in the Settlement Agreement, which is attached as Exhibit ___ to the Declaration of Shaun

9   Setareh, and is incorporated in full by this reference and made a part of this Order.  The

10   Settlement appears to be fair, adequate, and reasonable to the Class.

11   2.   All capitalized terms defined in the Settlement Agreement shall have the same

12   meaning when used in this Order.

13   3.   The Settlement falls within the range of reasonableness of a settlement which

14   could ultimately be given final approval by this Court, and appears to be presumptively valid,

15   subject only to any objections that may be raised at the Final Approval Hearing and final approval

16   by this Court.  The Court notes that Defendant has agreed to create a common fund of $2,300,000

17   to cover (a) settlement payments to Class Members who do not validly opt out; (b) Class

18   Representative service payment of up to $10,000 for Class Representative Joseph Schofield; (c)

19   Class Counsel's attorneys' fees, not to exceed 33-1/3% of the Gross Settlement Amount (Class

20   Counsel is requesting attorney fees in the amount of 25% of the Gross Settlement Amount), (d)

21   actual litigation expenses incurred by Class Counsel (estimated to be less than $30,000); and (e)

22   reasonable Settlement Administration Costs (estimated to be approximately $70,000).

23   4.   The Court finds and concludes that the Settlement is the result of arms-length

24   negotiations between the parties conducted after Class Counsel had adequately investigated

25   Plaintiff's claims and become familiar with their strengths and weaknesses.  The assistance of an

26   experienced mediator in the settlement process further confirms that the Settlement is non-

27   collusive.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

5.      In accordance with the Settlement Agreement, the Court hereby certifies the following class for purposes of settlement:  All persons in the United States who applied for employment with Delta and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019. The Court hereby finds and concludes that the Settlement Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability.  Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

6.      With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:  (a) the Class, which has approximately 44,100 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1); (b) there are many questions of fact and law that are common to the Class regarding Defendants' background check policies and practices that applied to Class Members, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2); (c) Plaintiff's claims meet the typicality requirement because Plaintiff applied for employment with Delta and was the subject of a consumer report that was procured by Delta or caused to be procured by Delta; (d) the Court finds that Setareh Law Group will fairly and adequately represent the Class, and appoints Setareh Law Group as Class Counsel; (e) the Court finds that Plaintiff Joseph Schofield will fairly and adequately represent the Class, and appoints him as Class Representative; and (f) the Court finds that for purposes of settlement only, common questions of law and fact predominate over individualized issues and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

7.      The Court approves Rust Consulting ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

8.      The Court finds that the Notice of Settlement, which is attached as Exhibit A to the Settlement Agreement comports with Fed. R. Civ. P. 23 and all constitutional requirements including those of due process.  The Court further finds that the Notice adequately advises the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

Class about the class action; the terms of the proposed settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed settlement; and the date of the Final Approval hearing as well as the rights of Class Members to file documentation in support of or in opposition to and appear in connection with said hearing. The Court further finds that the mailing of the Notice to each Class Member's last known address, with appropriate skip tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

9.      Within thirty (30) days of the issuance of this Order, Delta shall provide the Settlement Administrator with the Class Member Database, as specified in the Settlement Agreement.

10.     Within fourteen (14) days after receipt of the Database, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement Agreement.

11.     The Court orders that any request for exclusion from the Settlement must be postmarked no later than forty-five (45) days after the Notice is initially mailed to Class Members, and must be received by the Settlement Administrator to be valid.

12.     If more than 5% of the total number of Class Members submit timely and valid opt-out requests, Delta shall have the option to void the settlement. To exercise this option, Defendant's Counsel must send written notification to Class Counsel within fourteen (14) days of receiving a report from the Settlement Administrator of the total number of timely and valid opt-out requests received from Class Members.

13.     Any Class Member who does not timely and validly request exclusion from the settlement may object to the Settlement Agreement. Any objection must be in writing, and must be mailed to the Settlement Administrator. Such objection shall include the name and address of the Class Member and the basis of the objection, and must be signed by the Class Member. To be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

1  timely, the objection must be postmarked no later than forty-five (45) days after the Notice is

2  initially mailed to the Class. Any Class Member who does not timely submit such a written

3  objection will not be permitted to raise such objection, except for good cause shown, and any

4  Class Member who fails to object in the manner prescribed by this Order will be deemed to have

5  waived, and will be foreclosed from raising, any such objection.

6          14.     The Final Approval Hearing shall be held before this Court on

7  _____, 2019 at 1:30 p.m. in Courtroom 5, to consider the fairness, adequacy, and

8  reasonableness of the proposed settlement preliminarily approved by this Order, and to consider

9  the motion of Class Counsel for an award of reasonable attorneys' fees and costs and Class

10  Representative service payment.

11          15.     Any party to this case, including any Class Member, may be heard in person or by

12  counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's

13  determination of the good faith, fairness, reasonableness, and adequacy of the proposed

14  settlement, the requested attorneys' fees and costs, the requested Class Representative service

15  payment, and any order of final approval and Judgment regarding such settlement, fees, costs, and

16  payment; provided however, that no person shall be heard in opposition to such matters unless

17  such person has complied with the conditions set forth in the Notice.

18          16.     Briefs regarding the settlement shall be served and filed in accordance with the

19  following briefing schedule:

20

| Plaintiff's motion for attorneys' fees and costs | 14 days before the deadline for Class Members to submit objections to the settlement |
|---|---|
| Plaintiff's motion for final approval of the settlement and for Class Representative service payment | 28 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval Hearing |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

1

2      17.    The Court orders that if for any reason the Court does not execute and file an order

3  of final approval and judgment, or if such a final approval order is reversed, the Settlement

4  Agreement and the proposed settlement which is the subject of this Order and all evidence and

5  proceedings had in connection therewith, shall be without prejudice to the status quo ante rights

6  of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

7      18.    The Court orders that the Settlement Agreement shall not be construed as an

8  admission or evidence of liability.

9      19.    Pending further order of this Court, all proceedings in this matter except those

10  contemplated herein and in the Settlement Agreement are stayed.

11      20.    The Court expressly reserves the right to adjourn or continue the Final Approval

12  Hearing without further notice to Class Members.

13      **IT IS SO ORDERED.**

14

15  Dated: _____       _____

16                                     THE HONORABLE EDWARD M. CHEN
                                       U.S. NORTHERN DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)