# EXHIBIT "4"

## NOTICE OF CLASS ACTION SETTLEMENT
*Schofield v. Delta Air Lines, Inc.*
Case No. 3:18-cv-00382-EMC

TO: All persons in the United States who applied for employment with Delta Air Lines, Inc. and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019.

### *Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached in a class action lawsuit in *Schofield v. Delta Air Lines, Inc.*, U.S. District Court, N.D. Cal., Case No. 3:18-cv-00382-EMC (the "Action"). The purpose of this Notice of Settlement ("Notice") is to describe the case, and to inform you of your rights and options in connection with the Action and the proposed Settlement. The proposed Settlement will resolve all claims in the Action.

A hearing concerning the fairness of the Settlement will be held before the Hon. Edward M. Chen on _____ at 1:30 p.m. at the following address: Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom 5, 17th Floor, to determine whether the case should be settled. The date and time of the Final Fairness Hearing may change without further notice to the Class. Updated information regarding the date and time of the hearing will be posted on the case website at [URL].

**AS A CLASS MEMBER, YOU ARE ELIGIBLE TO RECEIVE A PAYMENT UNDER THE SETTLEMENT AND WILL BE BOUND BY THE RELEASE OF CLAIMS DESCRIBED IN THIS NOTICE, UNLESS YOU REQUEST TO BE EXCLUDED FROM THE SETTLEMENT, AS EXPLAINED BELOW.**

### *Who is affected by this proposed Settlement?*

The Court has certified, for settlement purposes, the following class (the "Class"):

> "All persons in the United States who applied for employment with Delta Air Lines, Inc. and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019."

According to the records of Defendant, you are a member of the Class ("Class Member").

### *What is this case about?*

In the Action, Plaintiff alleges on behalf of himself and a putative nationwide and California class the following claims against Defendant: (1) failure to provide compliant background check disclosures/authorizations under the Fair Credit Reporting Act (15 U.S.C § 1681b(b)(2)(A)); (2) failure to provide the Summary of Rights under the FCRA (15 U.S.C. §§ 1681d(a)(l) and 1681g(e)); (3) failure to provide compliant background check disclosures/authorizations under the California Investigative Consumer Reporting Agencies Act (Cal. Civil Code §§ 1786 *et seq*.); (4) failure to provide compliant background check disclosures/authorizations under the California Consumer Credit Reporting Agencies Act (Cal. Civil Code §§ 1785 *et seq*.); and (5) unfair competition in violation of California Business & Professions Code §§ 17200, *et seq*. The Action asserts claims for statutory penalties, civil penalties, punitive damages, injunctive relief, costs of suit, interest, restitution, and reasonable attorneys' fees.

Defendant is confident that it has strong legal and factual defenses to these claims, but it recognizes the risks, distractions, and costs associated with litigation. Defendant contends that its background check policies and procedures and background check disclosures/authorizations are lawful and have been lawful throughout the Class Period. Defendant also contends that Plaintiff's claims do not meet the requirements for class certification.

This Settlement is the result of good faith, arm's length negotiations between Plaintiff and Defendant, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. The Settlement is a compromise and is not an admission of liability on the part of Defendant.

///

///

*Who are the attorneys representing the Parties?*

**The attorneys for the Class Representative in the Action ("Class Counsel") are**:

> Shaun Setareh
> Thomas Segal
> Setareh Law Group
> 315 South Beverly Drive, Suite 315
> Beverly Hills, CA 90212
> Telephone: (310) 888-7771

**The attorneys for Defendant are**:

> Robert Jon Hendricks
> Andrew P. Frederick
> Morgan, Lewis & Bockius LLP
> One Market, Spear Street Tower
> San Francisco, CA 94105
> Telephone: (415) 442-1000

*What are the Settlement terms?*

Subject to final Court approval, Defendant will pay $2,300,000 (the "Gross Settlement Amount") for: (a) settlement payments to Class Members; (b) the Court-approved service payment to the Class Representative; (c) the Court-approved Class Counsel's fees and costs; and (d) the costs of administering the Settlement.

**Class Members' Settlement Payments.** After deductions from the Gross Settlement Amount for attorneys' fees and costs, the service payments to the Class Representative, and the costs of administering the Settlement, there will be a Net Settlement Amount. From this Net Settlement Amount, Defendant will make a payment ("Settlement Payment") to each Class Member who does not opt out of the Settlement Class as follows: (a) sixty percent (60%) of the Net Settlement Amount shall be divided evenly among Class Members on a pro rata basis whose background check Defendant procured or caused to be procured on or after October 17, 2015 through February 14, 2019; (b) forty percent (40%) of the Net Settlement Amount shall be divided evenly among Class Members on a pro rata basis whose background check Defendant procured or caused to be procured from October 17, 2012, through October 16, 2015; and (c) any payments which are not cashed after one-hundred eighty (180) days following issuance shall be void. Any payments which are not cashed shall be distributed as a *cy pres* award to the Education Fund of the National Association of Consumer Advocates ("NACA Education Fund"), a 501c(3) non-profit organization.

None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

If the Notice to a Class Member is returned as undeliverable, and if the Settlement Administrator cannot locate a valid address for the Class Member with reasonable efforts, that Class Member will not be mailed a check, and the money that would have gone to that Class Member will be redistributed to the other Participating Class Members whose Notices were not returned as undeliverable.

**Class Counsel Attorneys' Fees and Costs, Class Representative Service Payment, and Administrative Costs.** Class Counsel will ask the Court to award attorneys' fees up to 33-1/3% of the Gross Settlement Amount, and reasonable litigation costs. In addition, Class Counsel will ask the Court to authorize a service payment of up to $10,000 for the Class Representative in addition to the Class Representative's portion of the Net Settlement Amount. The Parties estimate the cost of administering the Settlement will be $70,000.

*What is my estimated Settlement Payment?*

While the precise amount of your Settlement Payment is not known at this time, if Defendant procured or caused to be procured a background check on you from October 17, 2012, through October 16, 2015, your estimated Settlement Payment is $_____. If Defendant procured or caused to be procured a background check on you on or after October 17, 2015, your estimated Settlement Payment is $_____.

///

///

*What claims are being released by the proposed Settlement?*

Upon the Effective Date of the Settlement, Plaintiff and each member of the Settlement Class shall be deemed to have fully, finally, and forever released the Releasees from all Released Claims through the date of the Preliminary Approval Order. "Settlement Class" shall mean all Class Members who do not timely send a signed valid Opt-Out Request that is received by the Settlement Administrator. "Releasees" shall mean Defendant and each of its past, present and/or future, direct and/or indirect, officers, directors, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, members, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and/or assigns, in their personal, individual, official, and/or corporate capacities. "Released Claims," as to each member of the Settlement Class, shall mean any and all claims against Releasees that were or could have been pled based on the allegations in the Complaint including, but not limited to, claims relating to, based upon, resulting from, or arising out of the alleged violations of the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681b(b)(2)(A), (d)(a)(1) and (g)(c), Investigative Consumer Reporting Agencies Act (California Civil Code §§ 1786 *et seq.*), Consumer Credit Reporting Agencies Act (California Civil Code §§ 1785 *et seq.*), California Business & Professions Code §§ 17200, *et seq.*, or any other federal, state or local law governing the procurement or use of background/credit checks, including laws regarding background check disclosures and authorizations and pre-adverse and adverse action notices, other penalties, related tort, contract, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.

Plaintiff and each settlement Class Member also are waiving and releasing any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code with respect to the released claims which arise from the subject of this Settlement, including any and all claims under the Fair Credit Reporting Act and any similar state or local claims, including those regarding an allegedly inadequate or otherwise improper disclosure about the procurement or use of consumer reports for employment purposes or pre-adverse and adverse action notices.

*What are my options in this matter?*

You have **two** options under this Settlement, each of which is discussed below. You may: (A) remain in the Class and receive a settlement payment; or (B) exclude yourself from the Class and from the Settlement. If you choose to remain in the Class, you may also object to the Settlement, as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel. However, Class Counsel will not represent you for purposes of making objections to the Settlement. If you remain in the Class, you will be subject to any Judgment that will be entered in this Action, including the release of the Released Claims as described above.

**OPTION A.   Remain in the Class**.  If you wish to remain in the Class and be eligible to receive a payment under the Settlement, you do not need to do anything. You will be included in the Class automatically. By remaining in the Class and receiving settlement monies, you consent to the release of claims that are asserted or could have been asserted based on the allegations of the Complaint, including claims for statutory penalties, civil penalties, punitive damages, injunctive relief, costs of suit, interest, restitution, and reasonable attorneys' fees.

Any amount paid to Class Members will not count or be counted for determination of eligibility for, or calculation of, any employee benefits (for example, vacations, holiday pay, retirement plans, non-qualified deferred compensation plans, etc.), or otherwise modify any eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Releasees, unless otherwise required by law.

**OPTION B.   If You Do Not Want To Be Bound By The Settlement**.  If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement ("Opt-Out Request") to the Settlement Administrator. To be valid, your Opt-Out Request must be postmarked on or before ***[insert 45-day exclusion deadline]***. If you do not timely submit a signed Opt-Out Request (as evidenced by the postmark), your Opt-Out Request will be rejected, you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in the "What claims are being released by the proposed Settlement?" section above and all other Settlement terms. If the Opt-Out Request is sent from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail, or the equivalent. If you timely submit a signed Opt-Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you never were either a party to this Action or a Class Member, and thus you will not be entitled to any payment from the Settlement and will not be entitled to or permitted to assert an objection to the Settlement.

**Objecting to the Settlement:** If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by submitting a written objection to the Settlement Administrator at _____. **You cannot object to the Settlement if you request exclusion from the Settlement**, as provided under Option B above.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action: *Schofield v. Delta Air Lines, Inc.*, U.S. District Court, N.D. Cal., Case No. 3:18-cv-00382-EMC. All objections must be postmarked no later than **[*insert 45-day objection deadline*]**. Your objection must clearly state the reasons why you believe the Court should find that the proposed Settlement is not in the best interest of the Settlement Class, and why you believe the Settlement should not be approved. The Settlement Administrator shall forward copies of any objections to Class Counsel and to Defendant's Counsel within three days of receipt. Class Counsel shall submit copies of any objections received to the Court in conjunction with the filing of the motion for final approval of the Settlement.

You may hire an attorney at your own expense to appear on your behalf or you may appear personally at the Final Approval Hearing if you submit a timely objection in the manner described above. Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and costs, the service payment to the Class Representative, and any and all other aspects of the Settlement.

Even if you submit an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Settlement is not finally approved by the Court.

*What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the service payment to the Class Representative on [_____], at [_____] in Courtroom 5, 17th Floor, USDC Northern District of California, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to attend the Final Approval Hearing to receive a share of the Settlement.

*How can I get additional information?*

This Notice only summarizes the Action, the basic terms of the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Stipulation of Settlement, which is on file with the Clerk of the Court. The pleadings and other records in this Action, including the Stipulation of Settlement, may be accessed, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or examined at the Records Office of the Clerk of the United States District Court, located at Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. You can also request a copy of the Stipulation of Settlement from Class Counsel, at the address listed above. More information and court documents are also available on the case website, at [URL].

Any questions regarding this Notice should be directed to the Settlement Administrator or to Class Counsel at the addresses listed above in this Notice. For more information you may also call the Settlement Administrator toll-free at [NUMBER].

*What should I do if my address changes?*

If you received this Notice at an address other than the address shown on the Notice, or if your address changes, please promptly contact the Settlement Administrator toll-free at [NUMBER]. This will ensure that you receive further notices about this settlement, and that you receive your Settlement Payment if the settlement is approved by the Court.

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE ATTORNEYS FOR THE DEFENDANT ABOUT THIS NOTICE**

**BY ORDER OF THE U.S. DISTRICT COURT**