MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00382-EMC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Dept.:     Courtroom 5, 17th Floor<br>Judge:    Hon. Edward Chen |

Plaintiff Joseph Schofield's Motion for Preliminary Approval of Class Action Settlement came before this Court on February 14, 2019.  The Court, having fully reviewed Plaintiff's Motion for Preliminary Approval of Class Action Settlement, and the supporting Memorandum of Points and Authorities and Declarations, including the Joint Stipulation of Class Action Settlement ("Settlement Agreement") and Notice of Settlement ("Notice"), and for good cause appearing, HEREBY MAKES THE FOLLOWING ORDERS:

1. The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit 3 to the Declaration of Shaun Setareh, and is incorporated in full by this reference and made a part of this Order.  The Settlement appears to be fair, adequate, and reasonable to the Class.

2. All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3. The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court.  The Court notes that Defendant has agreed to create a common fund of $2,300,000 to cover (a) settlement payments to Class Members who do not validly opt out; (b) Class Representative service payment of up to $10,000 for Class Representative Joseph Schofield; (c) Class Counsel's attorneys' fees, not to exceed 33-1/3% of the Gross Settlement Amount (Class Counsel is requesting attorney fees in the amount of 25% of the Gross Settlement Amount), (d) actual litigation expenses incurred by Class Counsel; and (e) reasonable Settlement Administration Costs (estimated to be approximately $70,000).

4. The Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses.  The assistance of an experienced mediator in the settlement process further confirms that the Settlement is non-collusive.

5. In accordance with the Settlement Agreement, the Court hereby certifies the following class for purposes of settlement: All persons in the United States who applied for employment with Delta and were the subject of a consumer report that was procured by Delta or caused to be procured by Delta at any time from October 17, 2012, through February 14, 2019. The Court hereby finds and concludes that the Settlement Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

6. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings: (a) the Class, which has approximately 44,100 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1); (b) there are many questions of fact and law that are common to the Class regarding Defendants' background check policies and practices that applied to Class Members, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2); (c) Plaintiff's claims meet the typicality requirement because Plaintiff applied for employment with Delta and was the subject of a consumer report that was procured by Delta or caused to be procured by Delta; (d) the Court finds that Setareh Law Group will fairly and adequately represent the Class, and appoints Setareh Law Group as Class Counsel; (e) the Court finds that Plaintiff Joseph Schofield will fairly and adequately represent the Class, and appoints him as Class Representative; and (f) the Court finds that for purposes of settlement only, common questions of law and fact predominate over individualized issues and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

7. The Court approves Rust Consulting ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

8. The Court finds that the Notice of Settlement, which is attached as Exhibit A to the Settlement Agreement comports with Fed. R. Civ. P. 23 and all constitutional requirements including those of due process. The Court further finds that the Notice adequately advises the

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

2

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

Class about the class action; the terms of the proposed settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed settlement; and the date of the Final Approval hearing as well as the rights of Class Members to file documentation in support of or in opposition to and appear in connection with said hearing.  The Court further finds that the mailing of the Notice to each Class Member's last known address, with appropriate skip tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the Settlement Agreement, constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

9. Within thirty (30) days of the issuance of this Order, Delta shall provide the Settlement Administrator with the Class Member Database, as specified in the Settlement Agreement.

10. Within fourteen (14) days after receipt of the Database, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement Agreement.

11. The Court orders that any request for exclusion from the Settlement must be postmarked no later than forty-five (45) days after the Notice is initially mailed to Class Members, and must be received by the Settlement Administrator to be valid.

12. If more than 5% of the total number of Class Members submit timely and valid opt-out requests, Delta shall have the option to void the settlement.  To exercise this option, Defendant's Counsel must send written notification to Class Counsel within fourteen (14) days of receiving a report from the Settlement Administrator of the total number of timely and valid opt-out requests received from Class Members.

13. Any Class Member who does not timely and validly request exclusion from the settlement may object to the Settlement Agreement.  Any objection must be in writing, and must be mailed to the Settlement Administrator.  Such objection shall include the name and address of the Class Member and the basis of the objection, and must be signed by the Class Member.  To be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

timely, the objection must be postmarked no later than forty-five (45) days after the Notice is initially mailed to the Class. Any Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

14. The Final Approval Hearing shall be held before this Court on _____, 2019 at 1:30 p.m. in Courtroom 5, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and Class Representative service payment.

15. Any party to this case, including any Class Member, may be heard in person or by counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Class Representative service payment, and any order of final approval and Judgment regarding such settlement, fees, costs, and payment; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

16. Briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule:

| | |
|---|---|
| Plaintiff's motion for attorneys' fees and costs | 14 days before the deadline for Class Members to submit objections to the settlement |
| Plaintiff's motion for final approval of the settlement and for Class Representative service payment | 28 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval Hearing |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)

17. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

18. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability.

19. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

20. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: _____        _____
                                    THE HONORABLE EDWARD M. CHEN
                                    U.S. NORTHERN DISTRICT COURT JUDGE

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

5

[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT
(CASE NO. 3:18-cv-00382-EMC)