Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
Farrah Grant (SBN 293898)
    farrah@setarehlaw.com
**SETAREH LAW GROUP**
315 S. Beverly Drive, Ste. 315
Beverly Hills, California 90212
Tel:  (310) 888-7771
Fax:  (310) 888-0109

Attorneys for Plaintiff,
JOSEPH L. SCHOFIELD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH L. SCHOFIELD, on behalf of himself, all others similarly situated,<br>    Plaintiff,<br>vs.<br>DELTA AIR LINES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br>    Defendants. | Case No. 3:18-cv-00382-EMC<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEY FEES AND EXPENSES, SETTLEMENT ADMINISTRATOR EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARD**<br><br>Date:          July 11, 2019<br>Time:         1:30 p.m.<br>Courtroom:  5<br>Judge:        Hon. Edward M. Chen |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT

## **ORDER**

Plaintiff's Motion for Final Approval of Class Action Settlement came for hearing before this Court on July 11, 2019. The Court hereby determines and orders as follows:

1. The Settlement Agreement is hereby finally approved.

2. The Court finds that the proposed Settlement is "fair, reasonable and adequate" based on the value of the claims in the case, the monetary value of the proposed settlement and the risks that the plaintiff would face in proceeding with litigation. The parties recognize that the Ninth Circuit's recent decision in *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019), clarified some aspects of the Fair Credit Reporting Act's standalone disclosure requirement. However, for the reasons discussed in the Preliminary Approval Order, substantial risks to plaintiff's case still remain. The Settlement was arrived at after sufficient investigation and discovery and occurred after a mediation with an experienced mediator and a mediator's proposal. It appears that the settlement negotiations were at arms-length.

3. The Court finds that the Notice Plan approved has been fully implemented. The Notice Plan complies with F.R.C.P. 23(c)(2)(B). It constituted the best practicable notice; was reasonably calculated, under the circumstances to inform Settlement Class Members of the pendency of this case, and of their right to exclude themselves or object to the Settlement and to appear at the Final Approval Hearing; and was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice. Of the notices mailed to the 40,042 Class Members, only 302 were ultimately returned as undeliverable.  Only one Class Member has objected to the Settlement Agreement and 44 (*i.e.*, one-tenth of one percent of the Settlement Class) have opted out. This reflects Class Memberes' favorable reaction to the Settlement Agreement. *See In re Bluetooth Headset Prods. Liab. Litig*., 654 F.3d 935, 943 (9th Cir. 2011).

4. The Court finds and determines that the Class, as conditionally certified by the Preliminary Approval Order meets all of the legal requirements for class certification for settlement purposes only under F.R.C.P. 23(a) and 23(b)(3) and it is hereby ordered that the class is finally certified for settlement purposes.

5. Without affecting the finality of this order in any way, the Court retains jurisdiction of all

matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

5. The Parties and the Settlement Administrator will comply with all obligations under the Settlement Agreement.

6. The Court finds that the proposed service award is fair reasonable and adequate and orders an award of $10,000 to be paid out of the Settlement Fund to Jospeh Schofield.

7. The Court awards to Class Counsel attorney's fees in the amount of $575,000 to be paid out of the Settlement Fund.

8. Noting that the Ninth Circuit's benchmark for percentage-of-the recovery awards is 25% the Court finds that a 25% fee award is fair and reasonable based upon the following factors: (1) the results obtained in the case are excellent in comparison to settlements in similar cases; (2) the considerable risk at the outset of the case that Class Counsel would recover nothing given the uncertain and evolving case law surrounding the FCRA; (3) the financial burden taken on by Class Counsel in litigating the case on a contingent basis.

9. The Court awards Class Counsel's litigation expenses in the amount of $13,790.46. Counsel have adequately documented these expenses, which are compensable litigation expenses that were incurred for the benefit of the Class.

11. The Court awards the Settlement Administrator Rust's settlement administration expenses in the amount of $70,000.

12. This action is hereby dismissed with prejudice and without costs to any party, other than as specified in the Settlement Agreement and this Order.  The Clerk of Court shall enter judgment in accordance with the above. Without affecting the finality of this Judgment, the Court reserves jurisdiction over all parties and the Class as to all matters concerning administration, consummation and enforcement of the Settlement.

IT IS SO ORDERED.

Date: July 16, 2019                                                      By:_____
                                                                                         Hon. Edward M. Chen
                                                                                         United States District Judge